NO. 07-00-0478-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 17, 2001

_____

ERIC RAMIREZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF SWISHER COUNTY;

NO. B3187-98-12-CR; HONORABLE ED SELF, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Upon hearing evidence that appellant Eric Ramirez had violated numerous conditions of his community supervision together with his plea of true to certain allegations made by the State, the trial court revoked community supervision and assessed punishment at two years confinement in a state jail facility and a $750 fine. In presenting

this appeal, counsel has filed an *Anders*[1] brief in support of a motion to withdraw. Based upon the rationale expressed herein, the motion to withdraw is granted and the judgment is affirmed.

In support of his motion to withdraw, counsel asserts that, in compliance with Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), he has diligently reviewed the record and, in his opinion, the record reflects no reversible error or grounds upon which an appeal can be predicated. Thus, he concludes the appeal is frivolous and without merit. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the court's judgment. Counsel has also shown that he sent a copy of the brief to appellant, and informed appellant that, in counsel's view, the appeal is without merit. In addition, counsel has demonstrated that he notified appellant of his right to review the record and file a *pro se* brief if he desired to do so. Appellant did not file a *pro se* brief and the State did not favor us with a brief.

A review of the record shows that on July 13, 1999, appellant plead guilty to unauthorized use of a motor vehicle and was placed on community supervision for two years and assessed a $750 fine. Upon the State's motion to revoke community supervision alleging nine violations of the terms and conditions thereof, the trial court

---

[1]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

conducted a hearing on October 3, 2000. Appellant entered a plea of true to five of nine allegations made by the State and evidence was presented on the remaining allegations. Based on appellant's plea of true to certain allegations and the evidence presented on other allegations, the trial court revoked community supervision and imposed the original sentence of two years confinement and a $750 fine.

Appellate review of a revocation order is limited to determining whether a trial court abused its discretion. Cardona v. State, 665 S.W.2d 492, 493 (Tex.Cr.App. 1984). In a proceeding to revoke community supervision, the burden of proof is on the State to show by a preponderance of the evidence that the probationer has violated a condition of community supervision as alleged in the motion to revoke. Cobb v. State, 851 S.W.2d 871, 873 (Tex.Cr.App. 1993). If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking community supervision. *Cardona*, 665 S.W.2d at 494. In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. Jones v. State, 589 S.W.2d 419, 421 (Tex.Cr.App. 1979). Although one sufficient ground for revocation supports the trial court's order, Moore v. State, 605 S.W.2d 924, 926 (Tex.Cr.App. 1980), a plea of true standing alone is sufficient to support the trial court's revocation order. Moses v. State, 590 S.W.2d 469, 470 (Tex.Cr.App. 1979).

A written stipulation of evidence was signed by appellant. He entered a plea of true to five allegations contained in the State's motion to revoke. The trial court found that

appellant's plea of true was freely, voluntarily, knowingly, and intelligently made. Several witnesses testified that appellant sexually assaulted a mentally challenged girl after breaking into her house, although appellant testified that he had consensual sex with her. He also failed to report his arrest for sexual assault to his community supervision officer. Evidence was also presented that appellant was delinquent in payment of his fees and behind in his hours of community service. Based on the record before this Court, we find the trial court acted within its discretion in revoking appellant's community supervision.

We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal. *See* Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991). We have found no nonfrivolous issues and agree with counsel that the appeal is without merit and is, therefore, frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.