NO. 07-02-0225-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

NOVEMBER 22, 2002

_____


ENRIQUE JAVIER MARTINEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B13982-0102; HONORABLE ED SELF, JUDGE

_____

Before QUINN and REAVIS, JJ. and BOYD, S.J.[*]

Pursuant to a plea of guilty, appellant Enrique Javier Martinez was convicted of forgery and punishment was assessed at two years confinement and a $750 fine. However, the period of confinement was suspended and appellant was placed on community supervision for two years. Upon the State's application, community supervision was revoked for violations

_____

[*]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

of the terms and conditions thereof and the original punishment of two years confinement was imposed. In presenting this appeal, counsel has filed an *Anders*[1] brief in support of a motion to withdraw. Based upon the rationale expressed herein, the motion to withdraw is granted and the judgment is affirmed.

In support of his motion to withdraw, counsel has certified that, in compliance with Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), he has diligently reviewed the record and, in his opinion, the record reflects no meritorious ground on which an appeal can be predicated. Thus, he concludes the appeal is frivolous and without merit. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the court's judgment. Counsel has also shown that he sent a copy of the brief to appellant, and informed appellant that, in counsel's view, the appeal is without merit. In addition, counsel has demonstrated that he notified appellant of his right to review the record and file a *pro se* brief. Although appellant filed a letter brief, he does not raise any meritorious issues for appeal as required by Tex. R. App. P. 38.1, and as such, it will not be considered here. The State did not favor us with a brief.

A review of the record shows that on July 16, 2001, appellant pled guilty to forgery and was placed on community supervision for two years and assessed a $750 fine. Upon the State's motion to revoke community supervision alleging three violations of the terms and

---

[1]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

conditions thereof, the trial court conducted a hearing on April 29, 2002. Appellant entered a plea of true to the allegations made by the State and evidence was presented as well. Based on appellant's plea of true to the allegations and the evidence presented, the trial court revoked community supervision and imposed the original sentence of two years confinement and a $750 fine.

Appellate review of a revocation order is limited to determining whether the trial court abused its discretion. Cardona v. State, 665 S.W.2d 492, 493 (Tex.Cr.App. 1984); Jackson v. State, 645 S.W.2d 303, 305 (Tex.Cr.App. 1983). In a revocation proceeding, the State must prove by a preponderance of the evidence that appellant violated a condition of community supervision as alleged in the motion to revoke. Cobb v. State, 851 S.W.2d 871, 874 (Tex.Cr.App. 1993). If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking community supervision. *Cardona*, 665 S.W.2d at 494. In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. Jones v. State, 589 S.W.2d 419, 421 (Tex.Cr.App. 1979). Although one sufficient ground for revocation supports the trial court's order, Moore v. State, 605 S.W.2d 924, 926 (Tex.Cr.App. 1980), a plea of true standing alone is sufficient to support the trial court's revocation order. Moses v. State, 590 S.W.2d 469, 470 (Tex.Cr.App. 1979).

By the *Anders* brief, counsel argues the evidence was legally and factually insufficient for the trial court to find appellant violated the terms and conditions of his community

supervision. Although this is argued as a legal and factual sufficiency point, we are guided by the abuse of discretion standard mentioned above. Appellant signed a written stipulation of evidence which acknowledged that the acts and allegations in the application to revoke probation were true and entered a plea of true to the allegations contained in the State's motion to revoke. Also, the trial court found that appellant's plea of true was freely, voluntarily, knowingly, and intelligently made. In addition, appellant's community supervision officer testified he failed to report several times and evidence was also presented that appellant was delinquent in payment of his fees and behind in his hours of community service, and appellant testified to these matters as well. Based on the record before this Court, we find the trial court acted within its discretion in revoking appellant's community supervision.

We have also made an independent examination of the entire record to determine whether there are any other arguable grounds which might support this appeal. *See* Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). We have found no nonfrivolous issues and agree with counsel that the appeal is without merit and is, therefore, frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the trial court is affirmed.

4

Don H. Reavis
Justice

Do not publish.