**Kenneth Ray JONES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 61019.**

Court of Criminal Appeals of Texas, Panel No. 3.

June 20, 1979.

Rehearing En Banc Denied Sept. 19, 1979.

---

Ealy A. Bennett, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, and Mike T. McSpadden, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, PHILLIPS and W. C. DAVIS, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a revocation of probation. Appellant asserts that the revocation was an abuse of discretion as the cause for revocation was not established by the evidence.

On August 2, 1977, appellant pled guilty before the trial court to the offense of unauthorized use of a motor vehicle. Punishment was assessed at three years and appellant was placed on probation. Among the conditions of his probation was the requirement that he pay restitution to the injured parties in the form of $40 a month paid through the Adult Probation Department and $10 a month supervisory fee. The motion to revoke was filed on June 26, 1978, and his probation was revoked on July 18 for failure to adhere to this condition.

Until recently, it was necessary for the State to prove, when revoking probation for failure to pay fees, that the probationer had the ability to make the payments and that his failure to make them was intentional. *Whitehead v. State,* Tex.Cr. App., 556 S.W.2d 802. This rule was altered in 1977 when Article 42.12, V.A.C.C.P, was amended to include, doubtless inadvertently, two new subsections 8(c).[1] The Code

---

1. The two sections are as follows:

"(c) In a probation revocation hearing at which it is alleged only that the probationer violated the conditions of probation by failing to pay probation fees, court costs, restitution, or reparations, the inability of the probationer to pay as ordered by the court is an affirmative defense to revocation, which the probationer must prove by a preponderance of evidence.

"(c) In a probation revocation hearing at which it is alleged that the probationer violated the conditions of probation by failing to pay compensation paid to appointed counsel,

Construction Act, Vernon's Ann.Civ.St., art. 5429b–2, Section 3.05(b) provides:

"... if amendments to the same statute are enacted at the same session of the legislature, one amendment without reference to another, the amendments shall be harmonized, if possible, so that effect may be given to each."

The two amendments in question are reconcilable and combine to make inability to pay the enumerated fees an affirmative defense which the defendant must raise and prove by a preponderance of the evidence. The enumerated fees include those for which appellant had his probation revoked, and it was therefore his burden to raise his inability to pay as an affirmative defense and to prove the same by a preponderance of the evidence.

■ The trial court found that appellant did have the ability to pay and revoked his probation. We must view the evidence in a light most favorable to the verdict. *Fernandez v. State,* Tex.Cr.App., 564 S.W.2d 771; *Guzman v. State,* Tex.Cr.App., 521 S.W.2d 267.

■ Testimony of appellant's probation officer revealed that Jones had been placed on probation on August 2, 1977, and that he neither paid any money nor made any visits to the probation office until December 21, when he was arrested on a motion to revoke probation. Appellant was released from jail on March 21, 1978. He came in to report on March 29 with no money and reported he had no job. The same thing happened on April 14 and May 2. On May 2, the probation officer became certain Jones was not really looking for work and sent him to the Community Resource Department where he was placed in a job the next day at a motorcycle repair shop. The officer stated that, according to her information, appellant had been fired after a week, while appellant testified that he had worked there two weeks. On June 6, he reported he had a new job. On June 13 he brought in $25, and on June 20 he brought

in $5. Thus, from August 2, 1977, to June 20, 1978, appellant paid $30 total of the $50 a month that he was charged with paying as a condition of probation.

Appellant testified that he had money but that it went for living expenses, clothes, etc. During this time, he testified, he was living at home and had to pay his mother $20 every time he got paid. There was no other testimony about expenses beyond vague references. He testified that during August and September he had worked in the labor pool making under $150 a month. There was some discrepancy in his testimony at this point indicating that if he had worked the hours he claimed at the hourly wage he said he was getting, he would have received more than that. He stated that in October and November he received around $250 a month at the labor pool. He stated that he had worked two weeks at the motorcycle shop and been paid $212 for his time. He made no satisfactory answer to an inquiry on cross-examination of why he did not make some attempt to pay some restitution after receiving this paycheck.

There was ample evidence from appellant's own testimony that he had the financial resources to have paid, or made some partial payment or at least made a good faith gesture toward paying the $50 a month that was a condition of his probation. At any rate, there was a complete failure to prove the affirmative defense of inability to pay by a preponderance of the evidence. It was not an abuse of discretion to revoke appellant's probation.

The judgment is affirmed.

probation fees, court costs, restitution, or reparations, the inability of the probationer to pay as ordered by the court is an affirmative defense to revocation, which the probationer must prove by a preponderance of evidence."