Est of Balster, Dec v. Johnston 






 DISMISSED 
 MAY 3, 1990 

NO. 10-89-253-CV
Trial Court
# 88-458-1
IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

MARK DUPER,
   Appellant
v.

EQUINE FUNDING ASSOCIATES,
   Appellee

* * * * * * * * * * * * *

                 From 19th Judicial District Court
                      McLennan County, Texas

* * * * * * * * * * * * *

MEMORANDUM OPINION

* * * * * * *
This appeal was perfected from a judgment signed August 11,
1989. By joint motion, Appellant and Appellee state that the
parties have settled and none of the parties wish to pursue the
appeal. Appellant requests dismissal of the appeal.
The motion is granted. The appeal is dismissed.
PER CURIAM
DO NOT PUBLISH



ght: normal;
 font-style: normal;
 font-variant: normal;
 text-align: left;
 text-decoration: none;
 color: black;
 vertical-align: middle;
 text-indent: 0in
}

body
{
 font-family: "Univers", sans-serif;
 font-size: 10pt;
 font-weight: normal;
 font-style: normal
}














IN THE
TENTH COURT OF APPEALS
 

No. 10-98-125-CR

     CORY GENE SNOW,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 220th District Court
Hamilton County, Texas
Trial Court # 6829
                                                                                                                

O P I N I O N
                                                                                                                

      On April 23, 1996, a jury convicted the appellant, Cory Gene Snow, of the felonious offense
of burglary of a habitation, and the trial court assessed punishment at 5 years’ incarceration in the
Institutional Division of the Texas Department of Criminal Justice, probated for 10 years, and a
fine of $1,500. See Tex. Pen. Code Ann. §§ 12.33, 30.02(a), (c) (Vernon 1994). On June 19,
1997, the State filed a motion to revoke Snow’s community supervision. The trial court modified
the terms of Snow’s community supervision on September 30, 1997 to require Snow to serve a
term of confinement in a substance abuse felony punishment facility (SAFPF). The State filed a
second motion to revoke Snow’s community supervision on March 16, 1998, alleging Snow had
violated the terms of his community supervision by refusing to serve his term in the SAFPF. The
trial court entered a nunc pro tunc judgment revoking Snow’s community supervision and
sentencing him to the State Boot Camp Program. 
      Snow appeals from this judgment, contending the trial court abused its discretion in finding
Snow had violated the terms of his community supervision because (1) there was insufficient
evidence that Snow refused to serve his term in the SAFPF, and (2) there was insufficient evidence
that Snow was actually ordered to serve a term in the SAFPF. We affirm. 
      In a revocation proceeding, the State must prove by a preponderance of the evidence that the
defendant violated the terms of his community supervision. Cobb v. State, 851 S.W.2d 871, 873
(Tex. Crim. App. 1993); Brumbalow v. State, 933 S.W.2d 298, 300 (Tex. App.—Waco 1996, pet
ref’d). Appellate review of a revocation of a defendant’s community supervision is limited to a
determination of whether the trial court abused its discretion. DuBose v. State, 915 S.W.2d 493,
496 (Tex. Crim. App. 1996); Cardona v. State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984);
Brumbalow, 933 S.W.2d at 300. In determining whether discretion was abused, we must view
the evidence adduced at the hearing in the light most favorable to the trial court’s findings. Jones
v. State, 589 S.W.2d 419, 421 (Tex. Crim. App. 1979).
      Snow contends that there was insufficient evidence presented at the revocation hearing of his
unconditional refusal to participate in the programs at the SAFPF and that the trial court abused
its discretion by revoking his community supervision based on a finding of such refusal. We
disagree. At Snow’s revocation hearing, the State introduced Snow’s SAFPF records through B.J.
Carnes, Transitional Coordinator at the SAFPF where Snow was assigned. State’s Exhibit #1
contained several completed forms from the SAFPF which indicate that Snow refused to
participate in the program at the unit. The forms include a “TDCJ-ID Disciplinary Report and
Hearing Record,” dated February 2, 1998, which summarizes Snow’s refusal to obey one of the
SAFPF counselors and his statement that “he wished to leave the program.” There is also a
progress report completed by Snow’s case manager, dated February 6, 1998, which indicates that
“client still contends he wants out of program.” 
      Furthermore, the testimony of both Carnes and William Gustavus, Program Director at the
SAFPF, support the trial court’s finding that Snow refused to participate while at the SAFPF. 
Carnes testified regarding the process of removing a person from a SAFPF. He testified that, in
Snow’s particular case, several telephone calls were made to Snow’s community supervision
officer, Jeanie Johnson, and that, despite attempts to motivate Snow to stay in the program, he
continued to refuse to participate. Gustavus testified that he came into contact with Snow when
Snow was removed from the general population for noncompliance with the program. According
to Gustavus, Snow’s attitude reflected the belief that his placement in the SAFPF was erroneous
because he did not have a substance abuse problem and that “he was not going to participate in
the program.”
      Based on the evidence presented at Snow’s revocation hearing, we cannot say the trial court
abused its discretion by finding that Snow violated the terms of his community supervision by
refusing to participate in the programs offered at the SAFPF. See DuBose, 915 S.W.2d at 496;
Cardona, 665 S.W.2d at 493; Brumbalow, 933 S.W.2d at 300.
      Snow next contends the trial court abused its discretion by revoking his community
supervision based on a finding that he refused to participate in the programs at the SAFPF because
there was insufficient evidence presented at the hearing that Snow had actually been ordered
confined to a SAFPF.


 Snow’s argument has no merit because the Court of Criminal Appeals has
held that “formal proof of the terms of the [community supervision] are not necessary” and that
“as long as the judgment and order of [community supervision] appear in the record on appeal the
State is not required to introduce the documents into evidence.” Cobb, 851 S.W.2d at 873, 874. 
Therefore, the trial court did not abuse its discretion in revoking Snow’s community supervision
notwithstanding the court’s order not being admitted into evidence.
      The judgment is affirmed.

                                                                         BOBBY L. CUMMINGS
                                                                         Justice

Before Chief Justice Davis,
            Justice Cummings, and
            Justice Vance
Affirmed
Opinion delivered and filed October 21, 1998
Do not publish