NUMBER 13-99-502-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

 ___________________________________________________________________ 



LEONARD HENDERSON , Appellant, 



v.

 
THE STATE OF TEXAS , Appellee. 

___________________________________________________________________ 


On appeal from the 230th District Court

 of Harris County, Texas.

___________________________________________________________________ 



O P I N I O N


Before Chief Justice Seerden and Justices Dorsey and Yañez 

Opinion by Justice Dorsey

 

Appellant Leonard Henderson appeals from the revocation of his community supervision. A jury originally found him
guilty of aggravated sexual assault of a child and assessed his punishment at five years in prison with community
supervision recommended. The trial court sentenced him to five years of community supervision. The State filed a motion
to revoke, and after a hearing, the trial court revoked his community supervision and sentenced him to five years in prison.
By his sole point of error appellant asserts that the trial court erred by revoking his community supervision. We affirm. 

At a hearing to revoke community supervision the State must prove by a preponderance of the evidence that an accused
violated the terms and conditions of probation. Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). We apply an
abuse of discretion standard, Jackson v. State, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983), and review the evidence in the
light most favorable to the trial court's order. Jones v. State, 589 S.W.2d 419, 421 (Tex. Crim. App. 1979). 

In the instant case appellant was placed on community supervision on August 28, 1996. On June 17, 1998, the conditions
of his supervision were amended. Condition 13 as amended required appellant to "Submit to a Sex Offender Treatment OR
CONTINUE TREATMENT BEGINNING 6/15/98." This condition also stated that if appellant was ordered to attend and
participate in a treatment program he had to attend and participate in the treatment program until successfully completed or
until further order of the court. The motion to revoke alleged in part that appellant had violated his community supervision
by failing to attend and participate in a sex-offender treatment program on January 30, 1999. 

During the hearing on the motion to revoke, appellant's probation officer testified that appellant was evaluated and ordered
to attend sex-offender treatment sessions and that he was not supposed to miss the treatment sessions. Appellant was
supposed to attend treatment at the Crismon clinic. However he failed to attend the treatment session on January 30, 1999
as required. 

Appellant testified that he never missed any treatment sessions and that he went to all the treatment sessions that he was
supposed to attend. 

The treatment director at the Crismon clinic did not know of anyone at the clinic who had told appellant that he did not
have to attend the treatment sessions. His testimony did not show that appellant had successfully completed his treatment
or that the court had ordered him to stop treatment. 

Based on the testimony the trial judge could conclude by the preponderance of the evidence that appellant violated the
conditions of his community supervision by failing to submit to and participate in his sex-offender treatment program on
January 30, 1999. As a result the trial court did not abuse its discretion by revoking community supervision. We overrule
the point of error and affirm the judgment. 





______________________________ 

J. BONNER DORSEY, Justice 



Do not publish . 

Tex. R. App. P. 47.3(b). 



Opinion delivered and filed 

this 1st day of June, 2000.