NO. 12-01-00226-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


MARIO LUNA,
§
 APPEAL FROM THE THIRD

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 ANDERSON COUNTY, TEXAS

 


PER CURIAM


 Appellant Mario Luna appeals his conviction for the offense of delivery of marijuana. We
affirm. 

 On August 13, 1999, Appellant pleaded guilty to delivery of marijuana, a state jail felony,
pursuant to a plea agreement. See Tex. Health & Safety Code Ann. § 481.120 (b)(3) (Vernon
Supp. 2002). The trial court assessed punishment at imprisonment in the state jail for two years,
probated for five years, and a fine of $5,000.00. Among the conditions of Appellant's probation was
that he report to his probation officer once a month and perform two hundred hours of community
service restitution at the rate of five hours per week.

 In February 2000, the State filed a motion to revoke Appellant's probation. However, that
motion was dismissed on June 5, 2000, when the trial court modified Appellant's probation. Under
the modified probation order, Appellant was required to report to his probation officer twice
monthly. Various other new conditions of probation were imposed, but all terms and conditions of
the original probation order which were not modified were expressly ordered to remain in effect.

 In February 2001, the State again filed a motion to revoke Appellant's probation alleging
several violations of probation. On May 8, 2001, the trial court held a hearing on the State's motion
to revoke. The trial court found that Appellant failed to report to his probation officer as ordered and
failed to perform community service restitution at the rate ordered by the court. The trial court then
revoked Appellant's probation and sentenced him to twelve months in the state jail. This appeal
follows.

 In his only issue, Appellant contends that the trial court abused its discretion by revoking his
probation. The law on this issue is well-settled. The standard of review on appeal of a court's
decision to revoke an order of community supervision is abuse of discretion. Cardona v. State, 665
S.W.2d 492, 493-94 (Tex. Crim. App. 1984). An abuse of discretion occurs "only when the trial
judge's decision was so clearly wrong as to lie outside that zone within which reasonable persons
might disagree." Cantu v. State, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992). 

 The State's burden of proof in a revocation proceeding is by a preponderance of the evidence.
Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). In determining the sufficiency of the
evidence to sustain a probation revocation, we view the evidence in the light most favorable to the
trial court's ruling. Jones v. State, 589 S.W.2d 419, 421 (Tex. Crim. App. [Panel Op.] 1979). When
several violations are found by the court, the order revoking probation shall be affirmed if the proof
of any allegation is sufficient. See Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel
Op.] 1980). The trial court is the sole judge of the credibility of the witnesses and the weight to be
given their testimony. Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981).

 The State's motion to revoke Appellant's probation alleged several violations of probation. (1)
It was alleged that Appellant did not report to his probation officer twice monthly as ordered by the
court during the months of July, September, October, and November 2000, and February 2001. 
Appellant's probation officer testified that Appellant did not report to him twice during those
months. Appellant and his father testified that Appellant suffered from various health conditions
during the time that he was on probation and that Appellant was required to take his son to
counseling sessions during that same time frame. Appellant testified, and his probation officer
agreed, that on several occasions when Appellant did not report to his probation officer on a
scheduled reporting date, Appellant telephoned after the scheduled reporting date had passed with
an excuse. However, Appellant did not dispute that he did not report to his probation officer twice
during the months of July, September, October, and November 2000, and February 2001. The trial
court found the allegation to be true. Viewing the evidence in the light most favorable to the trial
court's ruling, we conclude there was sufficient evidence to prove by a preponderance of the
evidence that Appellant violated his probation by not reporting to his probation officer twice monthly
during the months of July, September, October, and November 2000, and February 2001. 

 The State also alleged that Appellant violated his probation by failing to perform community
service restitution at a rate of five hours per week as ordered by the court. Appellant's probation
officer testified that as of the date of the revocation hearing, Appellant had completed only fifty-seven hours of the two hundred hours of community service restitution ordered. Though Appellant
and his father both testified generally about Appellant's poor health, neither testified that Appellant
was physically unable to complete the court ordered community service restitution, and it is
uncontroverted that Appellant did not perform community service restitution at a rate of five hours
per week beginning in August 1999. The trial court found the allegation to be true. Viewing the
evidence in the light most favorable to the trial court's ruling, we conclude there was sufficient
evidence to prove by a preponderance of the evidence that Appellant violated his probation by not
performing community service restitution at the rate of five hours per week as ordered by the court.

 Thus, because the record supports the trial court's finding that Appellant violated two
conditions of his probation, we hold that the trial court did not abuse its discretion by revoking
Appellant's probation.

 Accordingly, Appellant's issue is overruled and the judgment of the trial court is affirmed.




Opinion delivered February 20, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.





(DO NOT PUBLISH)
1. The trial court found that some allegations were not true.