# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00715-CR

**Raul Jaime Perez, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
NO. CR-00-257, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Raul Jaime Perez appeals from an order revoking his community supervision. Appellant originally pleaded guilty to the offense of theft. The trial court assessed punishment at confinement for ten years in prison but suspended imposition of that sentence and placed appellant on community supervision for ten years. The State subsequently filed a motion to revoke appellant=s community supervision. After a hearing, the trial court revoked appellant=s community supervision and assessed punishment at confinement for ten years. In three issues, appellant challenges the legal and factual sufficiency of the revocation. Finding the evidence at the hearing legally and factually sufficient, we affirm the revocation order.

## BACKGROUND

On October 29, 2001, appellant pleaded guilty to an indictment charging him with the felony offense of theft and containing an enhancement paragraph alleging that he had previously been convicted of the felony offense of sexual assault. The trial court placed him on community supervision on December 6, 2001. On February 28, 2002, the State filed a motion to revoke his community supervision, alleging three violations: that he committed the offenses of criminal trespass and stalking and had failed to make his payment of court-ordered community supervision fees. The alleged victim of the stalking and trespass violations was Tina Marie Martin, to whom he had been married until mid-2001.

After a hearing in which Martin, three friends and neighbors, and appellant=s probation officer testified for the State, and appellant and a friend testified on his behalf, the trial court found that appellant had committed the three violations of terms and conditions of his community supervision, revoked his community supervision, and sentenced him to ten years= confinement.

## DISCUSSION

In a proceeding to revoke community supervision, the State has the burden of proving by a preponderance of evidence that the defendant violated the terms of his community supervision. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). We review a trial court=s order revoking community supervision for abuse of discretion. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). The trial court abuses its discretion when the State fails to show by a preponderance of the evidence that the defendant violated a condition of his community supervision as alleged. *Id*. Violation of a single condition of community supervision is sufficient to support the revocation. *Moore v. State*, 605

2

S.W.2d 924, 926 (Tex. Crim. App. 1980). We review the evidence in the light most favorable to the trial court=s order; the trial court is the sole judge of the credibility of the witnesses. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981); *Jones v. State*, 589 S.W.2d 419, 421 (Tex. Crim. App. 1979).

Appellant challenges first the sufficiency of the evidence that he violated the terms and conditions of his probation by committing the offense of criminal trespass. A person commits the offense of criminal trespass if he enters or remains on property of another without effective consent and he had notice that the entry was forbidden or received notice to depart but failed to do so. *See* Tex. Pen. Code Ann. ' 30.05(a) (West 2003). At the hearing on the motion to revoke, Martin testified that in February 2002 and during the previous six months, appellant entered her home on several occasions without her permission and after being advised that he was forbidden from entering. A neighbor also testified that he observed appellant entering Martin=s home and called police because he was aware appellant was not authorized to enter Martin=s home. The police located appellant in the vicinity of Martin=s home. Appellant testified on his own behalf that he and Martin had an Aon again/off again@ relationship and that from time to time he was welcome in her home.

Martin and two other witnesses also testified extensively concerning appellant=s stalking of her, which included threatening language and harassing conduct directed toward Martin and her family. Martin and another witness testified that they believed appellant had vandalized her car, as well as a friend=s car that was parked in front of her house. Appellant admitted to putting pebbles in the gas tank of Martin=s car.

Based upon our review of the evidence, we hold that the State proved by a preponderance of the evidence that appellant violated the terms and conditions of his community supervision. Because we find the State carried its burden with respect to the criminal trespass violation and the trial court did not abuse its discretion in revoking appellant=s community supervision, we need not address the remaining alleged violations of the terms and conditions of his community supervision. We overrule appellant=s first issue and affirm the revocation order.

Jan P. Patterson, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed:   April 24, 2003

Do Not Publish

4