NO. 07-03-0528-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 8, 2004

_____

WILLIE SANDERS, JR.,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 50TH DISTRICT COURT OF COTTLE COUNTY;

NO. 2783; HON. DAVID HAJEK, PRESIDING
_____

*Memorandum Opinion*
_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

Appellant, Willie Sanders, Jr., appeals from a judgment revoking his community supervision. Each issue asserted involves the sufficiency of the evidence underlying the trial court's conclusion that he violated the terms and conditions of his community supervision. We affirm the judgment.

The State alleged in its motion to revoke that appellant violated, among others, conditions 12, 13, 14, and 15 of his community supervision. Those conditions impose upon him the obligation to pay (through the Cottle County Community Supervision and

Corrections Department) $140 in restitution, $310 in court costs, a fine of $2500, and $350 as reimbursement for the cost of legal counsel. Appellant was authorized to pay these obligations through installments. However, according to the director of the Cottle County Community Supervision and Corrections Department, who testified at the hearing, no payments were received from appellant.

To successfully revoke one's probation, the State must prove by a preponderance of the evidence that appellant violated a condition of community supervision. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). Furthermore, we view the evidence in the light most favorable to the trial court's ruling. *Jones v. State*, 589 S.W.2d 419, 421 (Tex. Crim. App. 1979). And, most importantly, only one ground need be established to warrant revocation. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980).

Upon construing it in a light most favorable to the judgment, we hold that the testimony of the director of the Cottle County Community Supervision and Corrections Department constitutes ample evidence upon which a factfinder could reasonably conclude, by a preponderance of the evidence, that appellant violated at least four conditions of his probation.[1] Thus, the trial court did not abuse its discretion in granting the State's motion to revoke.

Accordingly, we overrule each issue and affirm the judgment of the trial court.

Brian Quinn
Justice

Do not publish.

---

[1]Appellant avers in his brief that the director's testimony was hearsay. But, he does not explain how comments by the director regarding whether he had received the required payments from appellant fall within that category. Nor do we believe that they do so.