NO. 07-04-0082-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 17, 2004

_____

THOMAS DESHONE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2001-438302; HONORABLE JIM BOB DARNELL, JUDGE

_____

Before QUINN, REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

This is an appeal from the revocation of appellant Thomas Deshone's community supervision. With two issues, appellant maintains: (1) the trial court abused its discretion by taking judicial notice of allegations contained in a judgment revoking a concurrent term

of federal probation; and (2) the evidence is legally insufficient to sustain the trial court's decision to revoke his community supervision. We affirm.

When reviewing an order revoking community supervision, the sole question before this Court is whether the trial court abused its discretion. Cardona v. State, 665 S.W.2d 492, 493 (Tex.Cr.App. 1984). In a revocation proceeding the State must prove by a preponderance of the evidence that the probationer violated a condition of community supervision as alleged in the motion to revoke.[1] Cobb v. State, 851 S.W.2d 871, 874 (Tex.Cr.App. 1993). If the State fails to meet its burden of proof, then the trial court abuses its discretion in revoking community supervision. Cardona, 665 S.W.2d at 493-94. In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. Jones v. State, 589 S.W.2d 419, 421 (Tex.Cr.App. 1979). When more than one violation of the conditions of community supervision is found by the trial court, the revocation order shall be affirmed if one sufficient ground supports the court's order. Moore v. State, 605 S.W.2d 924, 926 (Tex.Cr.App. 1980).

In its application to revoke community supervision, the State alleged numerous violations including, among others, appellant's failure to avoid injurious or vicious habits,

_____

[1]The current Texas Code of Criminal Procedure refers to community supervision rather than probation. See art. 42.12 (Vernon Supp. 2004). We understand the terms to relate to the same "continuum of programs and sanctions." Id. at § 2(2). Thus, we use the words interchangeably.

2

work faithfully at suitable employment, pay various fees associated with his community supervision, and attend and complete a life skills course. At the hearing on the application, Trace Blakley, an employee with the Lubbock County Probation Department and custodian of appellant's community supervision records, first identified appellant as the individual she knew as Thomas Deshone who was on probation in cause number 2001-438,302. She then described the manners in which appellant violated the terms of his supervision. Blakley further explained that, in addition to his state community supervision, appellant was serving a concurrent term of probation for a federal offense. The trial court admitted the community supervision records into evidence, subject to appellant's objection that the State not be allowed to "get into those matters [the results of urinalysis testing done by his federal probation officer] unless they can prove them independently of chronological notes taken by someone at the Lubbock Probation Office." Finally, Blakley sponsored, and the trial court admitted over appellant's objection, a judgment "For Revocation of Probation or Supervised Release" pertaining to his federal conviction.[2]

With his first issue, appellant challenges the trial court's decision to take judicial notice of allegations contained in a judgment revoking his federal probation. Specifically, appellant claims that, because the judgment referred to unsworn statements made by his federal probation officer "to the effect that [he] tested positive for cocaine on several

---

[2]The State offered the records "for the Court to take judicial notice of." However, from the record, we discern that the court actually admitted the documents into evidence.

occasions, and admitted cocaine use," it was not the proper subject of judicial notice. Then, because, according to appellant, "the allegation of cocaine use as shown by the UA test results was by far the most serious of the violations [he] was charged with," it follows that the trial court's decision to revoke his community supervision was "based mainly on the finding of cocaine use." Thus, concludes appellant, his substantial rights were affected. We disagree.

The genesis of appellant's claim is Rule 201 of the Texas Rules of Evidence, which governs judicial notice of adjudicative facts. Appellant candidly acknowledges that the violation of an evidentiary rule, such as Rule 201, that results in the erroneous admission of evidence is not constitutional error. *See* Johnson v. State, 967 S.W.2d 410, 417 (Tex.Cr.App. 1998). When a non-constitutional error is made during trial, it will be disregarded as harmless if the error did not affect the substantial rights of the defendant. Tex. R. App. P. 44.2(b); *see* King v. State, 953 S.W.2d 266, 271 (Tex.Cr.App. 1997).

Assuming *arguendo* that the trial court erred in judicially noticing the federal judgment and accompanying unsworn statements, we conclude such error was harmless. First, beyond the challenged evidence, appellant's own wife confirmed that "he started to have some drug problems" not long after he learned that his teenage daughter was pregnant. Furthermore, Blakley testified, without objection, that she had trouble getting appellant to comply with the terms of community supervision, "[i]ncluding getting employment, staying clean, staying off drugs." Thus, in addition to the evidence judicially

4

noticed by the trial court, there was other evidence establishing appellant violated the terms of his community supervision by failing to avoid vicious or injurious habits. And, notwithstanding appellant's minimization of his technical violations, the State introduced uncontroverted evidence that he failed to pay various fees associated with his community supervision, did not complete a court ordered life skills course, failed to report to his community supervision officer in June of 2003, and did not supply her with employment verification. Proof of any one of those violations would have justified the trial court's decision to revoke appellant's community supervision. *Moore*, 605 S.W.2d at 926. Under the facts of this case, we simply cannot say the trial court based its decision to revoke "mainly on the finding of cocaine use." Thus, even if the trial court erred in taking judicial notice of the judgment in appellant's federal case, we conclude appellant's substantial rights were not violated. Appellant's first issue is overruled.

According to appellant in his second issue, "the evidence at his revocation hearing was legally insufficient for revoking his probation, since the State failed to introduce his judgment and order of probation into the record, and since the reporter's record also does not include either the underlying judgment or the terms of probation supposedly in effect at the time of the revocation hearing." We disagree. The trial court placed appellant on five years deferred adjudication community supervision in April of 2002. In January of 2003, the court adjudicated appellant guilty following a hearing on the State's application to revoke community supervision and sentenced him to ten years confinement. At the

same time, appellant filed a "Motion for Imposition of Community Supervision."[3] The trial court conducted a hearing on appellant's motion in April of 2003, following which it suspended further execution of his sentence and imposed a ten year term of "straight" community supervision.[4] In July of 2003, the State again filed, and the trial court again granted following a hearing, an application to revoke appellant's community supervision. This time, the court assessed a six year sentence, and this appeal ensued.

When appellant filed his brief, the order suspending further execution of his sentence and setting the conditions of his "straight" community supervision were not a part of this record. The State, apparently noticing this omission for the first time, supplemented the record to include the order for deferred adjudication filed on April 4, 2002. Then, by its brief, the State argued "appellant's sufficiency claim must fail" because "[t]his order was filed with the Court of Appeals in a supplemental Clerk's Record and, therefore, is part of the appellate record." The State's contention might, in fact, ring true had appellant predicated his appeal on the trial court's decision to adjudicate him. However, that is not the basis of his challenge here. Instead, appellant protests the trial court's revocation of the "straight" community supervision he received on April 18, 2003. The State wholly failed to make those terms a part of this record. Without a doubt, that document is a "relevant

---

[3]*See* Tex. Code Crim. Proc. Ann. art. 42.12, § 6(a) (Vernon Supp. 2004)(commonly known as a motion for shock probation).

[4]As opposed to appellant's original deferred adjudication community supervision.

item" to the disposition of this case.[5] Tex. R. App. P. 34.5(c)(1). Notwithstanding the State's shortcomings, however, and recognizing our authority to do so, we requested and filed yet another supplemental clerk's record containing the appropriate order. *Id.*

Having rectified the record deficiencies, we now address the substance of appellant's argument. Formal proof is not necessary in a probation revocation proceeding to establish the terms and conditions of probation. *Cobb*, 851 S.W.2d at 873. That is, the trial court need not judicially notice, nor the State prove, the conviction and the terms of probation. *Id.* 873-74. Instead, in sufficiency of the evidence challenges in probation revocation cases, as long as the judgment and order of probation appear in the record on appeal, the State is not required to introduce the documents into evidence. *Id.* at 874. Appellant complains the evidence is insufficient to support the revocation because the State did not introduce, nor does the reporter's record contain, the underlying judgment and order setting the terms of community supervision. However, because those documents are now, in fact, a part of the clerk's record on appeal, we will uphold the revocation if we conclude the evidence was sufficient to justify the trial court's decision.

The State must prove at a revocation hearing that the defendant is the same individual as is reflected in the judgment and order of community supervision, and that the

[5]Indeed, it is essential that the document appear in the record. Cobb v. State, 851 S.W.2d 871, 873 (Tex.Cr.App. 1993). Otherwise, the appellate court has nothing against which to gauge whether the State presented sufficient evidence to warrant the trial court's decision to revoke. *Id.* at 874 (holding that for appellate purposes in a sufficiency of the evidence review, the judgment and order of probation must appear in the record).

individual violated a term of probation as alleged in the motion to revoke. *Id*. at 874. Here, in response to the State's query whether appellant was "the person that [she] knew as Thomas Deshone that is on probation in Cause Number 2001-438,302," Trace Blakley answered "Yes." Furthermore, as described above, the State proved by a preponderance of the evidence that appellant committed numerous violations of his community supervision, any one of which would have justified the trial court's decision to revoke. Thus, we conclude the trial court did not abuse its discretion in revoking appellant's community supervision. His second issue is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.

8