Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

★ ★ ★ ★ ★ ★

**MEMORANDUM OPINION**

No. 04-07-00861-CR

Shadae **McCLAIN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 63rd Judicial District Court, Val Verde County, Texas
Trial Court No. 10,066 CR
Honorable Thomas F. Lee, Judge Presiding

Opinion by: Alma L. López, Chief Justice

Sitting: Alma L. López, Chief Justice
Catherine Stone, Justice
Sandee Bryan Marion, Justice

Delivered and Filed: September 24, 2008

AFFIRMED

Shadae McClain challenges the revocation of her community supervision for violating

several conditions of her probation. McClain contends the trial court abused its discretion in

revoking her community supervision because the evidence was legally insufficient to prove that

McClain: (1) intentionally failed to make court-ordered payments; (2) failed to report; and (3) failed

to perform 240 hours of community service in Bexar County. We affirm the trial court's judgment

revoking McClain's community supervision.

**BACKGROUND**

In November of 2004, McClain pled guilty to the offenses of aggravated assault and burglary of a habitation with intent to commit mischief, both second degree felonies. McClain was sentenced to three years' confinement in the Texas Department of Criminal Justice –Institutional Division; however, the sentence was suspended and the trial court placed McClain on three years' community supervision, commencing with a 30-day jail sentence. McClain was also ordered to pay a fine of $800. On July 9, 2007, the State filed a motion to revoke McClain's community supervision, alleging that McClain violated condition number two of her community supervision by committing an offense against the laws of the State of Texas, i.e. theft of service in Bexar County on or about June 27, 2006. The State also alleged McClain violated numerous other conditions by failing to report to the community supervision department, failing to pay court-ordered fees and costs, and failing to perform 240 hours of community service. At a hearing on the motion to revoke, the State abandoned its allegation of theft of service, and McClain pled "not true" to all of the other allegations. After hearing testimony from a Val Verde County community supervision officer, the trial court found the unabandoned allegations "true," revoked McClain's community supervision, and sentenced McClain to three years' confinement in the Texas Department of Criminal Justice –Institutional Division. McClain appeals.

## STANDARD OF REVIEW

In a hearing on a motion to revoke community supervision, the State bears the burden to prove its allegations by a preponderance of the evidence. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). The State meets its burden when the greater weight of the credible evidence creates a reasonable belief that the defendant violated a condition of her community supervision.

*Rickels v. State*, 202 S.W.3d 759, 764 (Tex. Crim. App. 2006). "It is the trial court's duty to judge the credibility of the witnesses and to determine whether the allegations in the motion to revoke are true or not." *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981). An appellate court reviews the trial court's order revoking community supervision under an abuse of discretion standard. *Id.* We indulge all inferences in a light favoring the trial court's ruling, *Jones v. State*, 589 S.W.2d 419, 421 (Tex. Crim. App. [Panel Op.] 1979), and sustain the order of revocation if the evidence substantiates a single violation. *Jones v. State*, 571 S.W.2d 191, 193-94 (Tex. Crim. App. [Panel Op.] 1978).

## FAILURE TO PAY

McClain contends her probation was improperly revoked because the State's evidence was legally insufficient to prove by a preponderance of the evidence that McClain intentionally failed to make court-ordered payments. McClain bases her assertion on article 42.12, section 21(c) of the Texas Code of Criminal Procedure which, prior to September 1, 2007, allowed a defendant to raise an affirmative defense of inability to pay which the State was required to rebut with evidence of intentional non-payment.[1] *See Stanfield v. State*, 718 S.W.2d 734, 738 (Tex. Crim. App. 1986). Article 42.12, section 21(c) was amended effective September 1, 2007; however, the change in the law "applies only to a community supervision revocation hearing held on or after the effective date [September 1, 2007] of" the amendment. Act of June 15, 2007, 80th Leg., R.S., ch. 604, § 2, 2007

---

[1] Before the September 1, 2007 amendment, the statute provided that where the State alleged failure to pay court-ordered payments as a violation of a condition of the defendant's community supervision, "the inability of the probationer to pay as ordered by the court is an affirmative defense to revocation, which the probationer must prove by a preponderance of the evidence." Act of June 10, 1977, 65th Leg., R.S., ch. 342, § 2, subsec. (c), 1977 Tex. Gen. Laws 909 (amended 2007) (current version at TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(c) (Vernon Supp. 2008)) (intervening amendments not included).

Tex. Gen. Laws 1160. Because McClain's revocation hearing was held on October 11, 2007, after

the effective date of the amendment, the September 1, 2007 version of the statute controls and

provides:

> In a community supervision revocation hearing at which it is alleged only[2]
> that the defendant violated the conditions of community supervision by
> failing to pay [court-ordered costs], the state must prove by a preponderance
> of the evidence that the defendant was able to pay and did not pay as ordered
> by the judge. The court may order a community supervision and corrections
> department to obtain information pertaining to the factors listed under Article
> 42.037(h) of this code and include that information in the report required
> under Section 9(a) of this article or a separate report, as the court directs.

TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(c) (Vernon Supp. 2008).

Based on our review of the record and the briefs, both the parties and the trial judge

mistakenly believed a previous version of the statute applied to McClain's revocation hearing.

Because the September 1, 2007 version of article 42.12, section 21(c) applied, however, McClain

was not entitled to an affirmative defense of inability to pay. Furthermore, the State's burden to

rebut the affirmative defense by proving McClain intentionally failed to pay was replaced by the

State's burden to prove McClain "was able to pay and did not pay." Using this burden of proof as

the basis for our analysis, we review the evidence presented during the hearing on the motion to

revoke McClain's community supervision.

During the hearing, the State presented the testimony of Gregorio Montalvo, a probation

officer in Val Verde County. Montalvo testified about McClain's violations occurring in Val Verde

County before her case was transferred to Bexar County in August of 2006. According to Val Verde

---

[2] The use of the word "only" does not limit application of this section to instances where the State makes "'monetary allegations' alone." *Stanfield*, 718 S.W.2d at 737.

County's community supervision records for McClain, McClain failed to pay a monthly community supervision fee of $40 on the first Monday of each month, beginning December 6, 2004 and continuing through January 3, 2005, February 7, 2005, March 7, 2005, May 2, 2005, June 6, 2005, September 5, 2005, October 3, 2005, February 6, 2006, March 6, 2006, April 3, 2006, May 1, 2006, June 5, 2006, July 3, 2006, and August 7, 2006. McClain failed to pay court costs of $233 on or before January 31, 2005. McClain also failed to pay $971 for her court-appointed counsel and $780 in fines. This is sufficient evidence that McClain "did not pay."

The dispositive question is whether McClain was "able to pay." Montalvo gave undisputed testimony that, since McClain was put on community supervision in November of 2004, McClain had been gainfully employed with the exception of December 21, 2004 through February 9, 2005, and sometime in January 2006 through May 10, 2006. From November of 2004 to August of 2006, McClain was employed at least part-time for fifteen and a half months making between $5.15 an hour and $6.75 an hour. During the time she was employed, McClain failed to make payments in February, March, April, May, June, July, August, September, and October of 2005 and June, July, and August of 2006. Montalvo also testified that the community supervision office was generally aware of McClain's whereabouts and had eventually transferred McClain's supervision to Bexar County where she wanted to move to live with her father. No one else testified, and the judge did not request a report as permitted by the statute.

McClain presented no evidence that she was unable to work for any reason, but her attorney inferred that the loss of her twelve day-old child might have kept her from working. Nevertheless, the evidence showed that McClain worked while she was pregnant and made four payments after

the death of her child to Val Verde County totaling $260 on November 9, 2005, November 30, 2005, January 27, 2006, and November 21, 2006. McClain offered no evidence of other expenses.

There was ample evidence from which the trial judge could determine that McClain was employed during the time in which the court-ordered fees and costs were required to be paid. Based on this evidence, the trial judge could have reasonably found that McClain had the resources to pay or at least make a partial payment. *See Jones*, 589 S.W.2d at 421. Given the evidence in the record, we cannot say that the trial court abused its discretion in determining that McClain was able to pay and did not pay her court-ordered fees and costs. *See id.*

We need not consider McClain's second and third issues because proof of any single alleged violation of a condition of community supervision is sufficient to support revocation. *See Jones*, 571 S.W.2d at 193-94.

## CONCLUSION

For the forgoing reasons, we affirm the judgment of the trial court revoking McClain's community supervision.

Alma L. López, Chief Justice

DO NOT PUBLISH