

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00505-CR

Christopher G. **CARRINGTON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CR-8418A
Honorable Maria Teresa Herr, Judge Presiding

Opinion by:  Rebeca C. Martinez, Justice

Sitting:    Catherine Stone, Chief Justice
            Karen Angelini, Justice
            Rebeca C. Martinez, Justice

Delivered and Filed:  October 1, 2014

AFFIRMED

Christopher Carrington appeals the adjudication of his guilt and revocation of his community supervision, arguing the evidence was insufficient to support the court's finding of a violation of the terms of his community supervision.  We affirm the trial court's judgment.

### BACKGROUND

Carrington was charged with aggravated robbery and pled nolo contendere to the lesser included offense of robbery.  TEX. PENAL CODE ANN. § 29.02 (West 2011).  On September 23, 2009, Carrington was placed on deferred adjudication community supervision for a term of seven

years and was fined $1,500. In February 2012, the State filed a motion to revoke Carrington's community supervision and adjudicate guilt. The trial court denied the motion and amended the conditions of community supervision. The State moved to revoke Carrington's community supervision for a second time in August 2012. Again, the court declined to revoke and instead amended the conditions of Carrington's community supervision, adding a provision stating there would be "zero tolerance" for any more violations. On January 10, 2013, the State filed its third motion to revoke alleging that Carrington had violated Condition No. 1 of his community supervision by committing the offense of possession of a controlled substance and Condition Nos. 10A, 10B, 10C, and 10I by failing to pay the full amount of administrative fees, attorney fees, court costs/fine, and crime stoppers fee due to date. Carrington pled "not true" to each alleged violation. After an evidentiary hearing, the trial court found all of the alleged violations to be true, entered an adjudication of guilt, and revoked Carrington's community supervision. The court sentenced Carrington to ten years' imprisonment and imposed the $1,500 fine.

## ANALYSIS

On appeal, Carrington challenges the sufficiency of the evidence to support the trial court's finding that he violated Condition No. 1 of his community supervision by committing the offense of possession of a controlled substance. In a proceeding to revoke community supervision, the State has the burden to prove the defendant violated a term of his community supervision by a preponderance of the evidence. *Rickels v. State*, 202 S.W.3d 759, 763-64 (Tex. Crim. App. 2006). The State meets its burden when the greater weight of the evidence creates a reasonable belief that the defendant committed the violation alleged in the State's motion to revoke. *Id.*; *Torres v. State*, 103 S.W.3d 623, 625 (Tex. App.—San Antonio 2003, no pet.). In reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the trial court's finding and defer to the trial court as the sole fact finder and judge of the witnesses' credibility. *Torres*, 103 S.W.3d at

625; *Jones v. State*, 589 S.W.2d 419, 421 (Tex. Crim. App. 1979).  Our review of an order revoking community supervision is limited to determining whether the trial court abused its discretion. *Rickels*, 202 S.W.3d at 763.

In his brief, Carrington asserts the State failed to prove he possessed a controlled substance. Specifically, Carrington argues the evidence presented at the hearing merely showed that a baggie of powdery substance was found "in the vicinity of Appellant's cell phone," and created no more than a mere suspicion that he was in possession of the controlled substance.   However, Carrington's brief contains no discussion of the law of possession and no citation to any authority on the legal issue.  As such, the sole issue raised by Carrington could be considered waived for inadequate briefing.  *See* TEX. R. APP. P. 38.1(i).  In this instance we will, however, liberally construe the briefing and address the merits of the legal issue in the interests of justice.

A person possesses a controlled substance if he exercises care, control, and management of the substance and knows the substance is contraband. *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005); *Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995).  When the defendant is not in exclusive possession of the place where the contraband is found, it cannot be concluded that he had knowledge of or control over the contraband unless additional independent facts and circumstances affirmatively link the defendant to the contraband.  *Poindexter*, 153 S.W.3d at 406.  The affirmative links must be sufficient to show the defendant's connection with the contraband was more than just "fortuitous." *Brown*, 911 S.W.2d at 747-48 (State must present facts and circumstances that, viewed in their totality, indicate the defendant's knowledge and control over the drugs).

Here, the record of the revocation hearing contains the following testimony in support of the court's finding that Carrington knowingly possessed contraband:   Officer Tim Coleman testified that Carrington was holding his cell phone when he stepped to the back of his vehicle

during a roadside stop and the phone fell to the ground during the struggle that preceded Carrington's arrest on outstanding municipal court warrants; Officer Ryan Luza testified that he recovered a cell phone and its back, a battery, and a small baggie with a white powdery substance on the ground by the cell phone in the location where the struggle occurred, and that Carrington later stated, "That fell out of my cell phone;" and a toxicologist testified that the powdery substance tested positive for methamphetamine. Although Carrington testified and denied any knowledge of the baggie of methamphetamine and denied making the inculpatory statement to Officer Luza, the trial court as the sole judge of the witnesses' credibility could have believed the officers over Carrington. *See Torres*, 103 S.W.3d at 625. The evidence that Carrington was present at the time and in the location where the baggie of drugs was found, the drugs were found next to the cell phone that Carrington dropped, and Carrington was heard to make an incriminating statement that the drugs were inside the cell phone combined to create an affirmative link sufficient to support a reasonable inference that Carrington knowingly possessed the contraband. *See Evans v. State*, 202 S.W.3d 158, 162 (Tex. Crim. App. 2006) (noting that while the defendant's presence in or proximity to location where drugs are found is alone insufficient, when considered along with other direct or circumstantial evidence linking the defendant to the drugs it may be sufficient to establish knowing possession); *Hyett v. State*, 58 S.W.3d 826, 830 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) (identifying several non-exclusive factors used by the courts in determining affirmative links). Therefore, we conclude the trial court did not abuse its discretion in revoking Carrington's community supervision based on a finding that he knowingly possessed a controlled substance.

In addition, at the revocation hearing Carrington conceded that he had not paid the full amounts of the various fees due under Condition Nos. 10A, 10B, 10C, and 10I of his community supervision, but stated that he had purchased a used car for $4,200 cash and was paying $62 per

month in car insurance. Thus, the trial court could have found that the State proved that Carrington was financially able to pay more toward his court-ordered fees than he had paid and had therefore intentionally violated the payment conditions of his community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(c) (West Supp. 2014). The trial court found the alleged violations of Condition Nos. 10A, 10B, 10C, and 10I to be "true," and each of these violations would alone support the revocation of Carrington's community supervision. *See Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009) (citing *Jones v. State*, 571 S.W.2d 191, 193-94 (Tex. Crim. App. [Panel Op.] 1978)). Carrington does not challenge these grounds for the revocation.

Based on the foregoing reasons, we overrule Carrington's issue on appeal and affirm the trial court's judgment.

Rebeca C. Martinez, Justice

DO NOT PUBLISH