

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00883-CR

Santos **GUEVARA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 216th Judicial District Court, Gillespie County, Texas
Trial Court No. 4704
Honorable N. Keith Williams, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:    Rebeca C. Martinez, Justice
Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  March 25, 2015

AFFIRMED

Santos Guevara appeals the revocation of his community supervision, arguing the evidence was insufficient to support the court's finding that he violated the terms of his community supervision.  We affirm the trial court's judgment.

### BACKGROUND

Guevara was charged with the offense of felony theft by check in an amount in excess of $1,500 but less than $20,000, a state jail felony.  TEX. PENAL CODE ANN. § 31.03 (West Supp. 2014).  Guevara pled no contest and was placed on deferred adjudication community supervision

for a term of two years on July 17, 2008. One month later, the State filed a motion to adjudicate/revoke based on alleged violations of Guevara's deferred adjudication community supervision. On February 12, 2009, pursuant to a plea bargain, the trial court adjudicated Guevara guilty of the felony theft, sentenced him to two years' confinement in state jail, and then suspended the sentence and placed him on community supervision for a term of five years. On October 15, 2012, the State moved to revoke Guevara's community supervision based on allegations that he violated: Condition (a) of his community supervision by committing the offense of felon in possession of a firearm; Condition (b) by possessing and consuming alcohol; and Condition (s) by failing to engage in alcohol counseling as directed by his probation officer. Guevara pled "not true" to each alleged violation. After an evidentiary hearing, the trial court found all three of the alleged violations to be "true," and revoked Guevara's community supervision. On November 18, 2013, the court sentenced Guevara to ten months' confinement in the Texas Department of Criminal Justice, State Jail Division, with credit for time served. Guevara timely appealed.

## ANALYSIS

On appeal, Guevara challenges the sufficiency of the evidence to support the trial court's findings that he violated his community supervision by committing the offense of felon in possession of a firearm, by possessing and consuming alcohol, and by failing to engage in alcohol counseling as directed by his probation officer. In a proceeding to revoke community supervision, the State has the burden to prove the defendant violated a term of his community supervision by a preponderance of the evidence. *Rickels v. State*, 202 S.W.3d 759, 763-64 (Tex. Crim. App. 2006). The State meets its burden when the greater weight of the evidence creates a reasonable belief that the defendant committed the violation alleged in the State's motion to revoke. *Id.* at 764; *Torres v. State*, 103 S.W.3d 623, 625 (Tex. App.—San Antonio 2003, no pet.). In reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the trial court's

finding and defer to the trial court as the sole fact finder and judge of the witnesses' credibility. *Torres*, 103 S.W.3d at 625; *Jones v. State*, 589 S.W.2d 419, 421 (Tex. Crim. App. 1979). Our review of an order revoking community supervision is limited to determining whether the trial court abused its discretion. *Rickels*, 202 S.W.3d at 763.

In his brief, Guevara asserts the State failed to prove all three violations of his community supervision. We begin by addressing the court's finding that Guevara violated Condition (b) which required him to "neither possess nor consume any intoxicants." At the revocation hearing, Kenny Bode, Guevara's probation officer, testified that he made a routine home visit to Guevara's residence on June 5, 2012. A birthday party for Guevara's wife was in progress at the residence. Due to the number of vehicles parked at the Guevara house, Bode requested law enforcement support for safety reasons and Fredericksburg Police Officer Mark Ward was also present. There were several people inside the home and Bode suggested they go into Guevara's bedroom so they could talk privately; Bode also stated he routinely inspects a probationer's bedroom during a home visit. Bode testified that he saw beer cans and/or bottles inside the residence. Bode stated that he was standing "face to face" with Guevara and could smell beer on Guevara's breath and person, so Bode asked Guevara whether he had been drinking. Bode testified that Guevara admitted that he had "been drinking a six-pack of Coors Light Beer." Bode further testified that Guevara acknowledged he was aware that he was not supposed to be consuming alcohol. Officer Ward testified that he heard Guevara tell Bode there was alcohol present in the home and that he had been drinking; he did not hear Guevara describe how much he had been drinking.

Guevara argues the evidence is insufficient to establish a violation of Condition (b) because he presented several defense witnesses who testified that he was not, in fact, drinking alcohol that day. In addition, one defense witness testified that she saw someone spill beer on Guevara as he

was cooking on the BBQ grill outside.[1] Guevara argues the number of witnesses who testified that he was not drinking outnumbers the two State witnesses who testified he admitted drinking. However, the preponderance of the evidence is not determined solely by the number of witnesses testifying on one side or the other of a disputed fact. 37 TEX. JUR. 3D Evid. §§ 914, 932; *see Brooks v. State*, 323 S.W.3d 893, 926 (Tex. Crim. App. 2010) (Cochran, J., concurring). As the fact finder at the revocation hearing, the trial court was the sole judge of each witness's credibility and the weight to be given to his or her testimony; as such, the court was free to believe or disbelieve all or part of any witness's testimony in resolving conflicts in the evidence. *See Torres*, 103 S.W.3d at 625 (citing *Jones*, 589 S.W.2d at 421). In sum, the trial court could have reasonably believed the probation officer and police officer over the defense witnesses who were all Guevara's friends and family. Further, as the trial court noted on the record, even if Guevara was not actually consuming alcohol that day, it is undisputed that beer was present in his home and Guevara therefore possessed alcohol in violation of Condition (b).

Because only one violation is required to support a revocation of community supervision, we need not address Guevara's arguments concerning the other violations found by the trial court. *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009).

Based on the evidence in the record and the required standard of review, we conclude the trial court did not abuse its discretion in revoking Guevara's community supervision based on a finding that he violated Condition (b) by possessing and/or consuming alcohol. Accordingly, we affirm the trial court's judgment.

Rebeca C. Martinez, Justice

Do Not Publish

---

[1] When asked, Bode testified that Guevara never told him that someone spilled beer on him.