

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-24-00090-CR
_____

JESUS DOLORES SILVA, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 121st District Court
Yoakum County, Texas
Trial Court No. 3642, Honorable John A. Didway, Presiding

November 12, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

After granting the State's motion to revoke his community supervision, the trial court sentenced Appellant, Jesus Dolores Silva, Jr., to ten years' imprisonment and assessed $90.00 in court costs for the offense of failure to register as a sex offender.[1] By his three issues, Appellant claims the trial court erred by: (1) finding true Appellant committed a first-degree burglary of a habitation with the intent to commit a sexual offense; (2) finding true Appellant committed an assault causing bodily injury; and (3)

_____

[1] TEX. CODE CRIM. PROC ANN. arts. 42A.051, 62.102.

considering the commission of offenses not proven beyond a reasonable doubt as part of his sentencing.  We affirm.

## BACKGROUND

In June 2023, Appellant was convicted of failure to comply with the sex offender duty to register annually for life.  The trial court suspended his sentence and placed him on community supervision for the offense.  The following month, the State filed a motion to revoke his community supervision alleging he committed new crimes, violations of the conditions of his supervision.

At the hearing on the State's motion to revoke, the trial court found Appellant violated the terms and conditions of his community supervision by committing:

- burglary of a habitation with the intent to commit a sexual offense on July 1, 2023;

- assault, family violence, on July 1, 2023; and

- assault causing bodily injury on November 4, 2023.

The court assessed punishment at ten years' imprisonment and $90.00 in court costs.

## STANDARD OF REVIEW

An appeal from a court's order adjudicating guilt is reviewed in the same manner as a revocation hearing.  TEX. CODE CRIM. PROC. ANN. art. 42A.108(b); *Conway v. State*, Nos. 07-24-00028-CR, 07-24-00029-CR, 2024 Tex. App. LEXIS 5616, at *3 (Tex. App.—Amarillo Aug. 7, 2024, no pet. h.) (mem. op., not designated for publication).  When reviewing an order revoking community supervision, the sole question before this Court

2

is whether the trial court abused its discretion. *Conway*, 2024 Tex. App. LEXIS 5616, at *3 (citing *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013)). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated a condition of community supervision as alleged in the motion to revoke. *Id.* (citing *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993)). In a revocation context, "a preponderance of the evidence" means "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of [his community supervision]." *Id.* (quoting *Hacker*, 389 S.W.3d at 865). In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. *Id.* at *4 (citing *Jones v. State*, 589 S.W.2d 419, 421 (Tex. Crim. App. 1979)). The finding of a single violation of community supervision is sufficient to support revocation. *Id.* (citing *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012)).

## ANALYSIS

### ISSUES ONE AND TWO—SUFFICIENCY OF EVIDENCE OF COMMUNITY SUPERVISION VIOLATIONS

Appellant's first two issues challenge the trial court's findings of true for the alleged violations of his community supervision. His first issue complains there was insufficient evidence he committed the burglary on July 1, 2023, with the intent to commit a sexual offense, while his second issue challenges the sufficiency of the evidence he committed an assault causing bodily injury while in jail in November 2023. However, he does not challenge the finding by the trial court he committed assault on July 1, 2023, which was a separate basis for the motion to revoke filed by the State. A finding of true to the commission of any community supervision violation, such as one felony offense, is

sufficient for the trial court to revoke community supervision. *Garcia*, 387 S.W.3d at 26. Because the unchallenged finding of the trial court is sufficient to uphold the revocation of community supervision, Appellant's issues one and two are moot. We overrule Appellant's issues one and two.

**ISSUE THREE—RANGE OF PUNISHMENT AND CONSTITUTIONAL RIGHTS**

For his third issue, Appellant challenges the application of the full range of punishment for his original conviction for failure to register as a sex offender. He argues the trial court improperly considered alleged violations of his community supervision which the State failed to prove in assessing his punishment, thereby rendering the ten-year sentence improperly disproportionate under the Eighth Amendment of the United States Constitution. *See* U.S. CONST. amend. VIII.

An allegation of excessive or disproportionate punishment is a legal claim "embodied in the Constitution's ban on cruel and unusual punishment" and based on a "narrow principle that does not require strict proportionality between the crime and the sentence." *State v. Simpson*, 488 S.W.3d 318, 322, 24 (Tex. Crim. App. 2016). A successful challenge to proportionality is exceedingly rare and requires a finding of "gross disproportionality." *Id.*

A challenge based upon the Eighth Amendment must nonetheless be preserved by objection, request, or motion. *Burt v. State*, 396 S.W.3d 574, 577 (Tex. Crim. App. 2013). Generally, preservation of a punishment issue occurs at the earliest opportunity available, i.e., at the time sentence is imposed, assuming the defendant had the opportunity to do so. *Mayo v. State*, 690 S.W.3d 103, 107 (Tex. App.—Amarillo 2024,

4

pet. filed). However, if there is no opportunity to object at trial, the issue is preserved when raised in a timely motion for new trial. *Id.* Appellant did not make a specific objection in the trial court or via motion for new trial that any sentence imposed by the trial court was disproportionate to any offense charged or in violation of his constitutional rights. *Id.*[2] Therefore, this issue was not preserved for review.

Even assuming, arguendo, that Appellant had preserved his issue, a claim of disproportionate punishment is a narrow principle that does not require strict proportionality between the crime and the sentence. *Simpson*, 488 S.W.3d at 322. Even if Appellant had raised his complaint at the earliest opportunity available, a claim of excessive punishment which otherwise is within the statutory range will not be disturbed on appeal. *Id.* at 323 (citing *Ex parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006)). Issue three is overruled.

## CONCLUSION

We affirm the judgment of the trial court.


Alex Yarbrough
Justice


Do not publish.

---

[2] Although he filed a motion for new trial, the motion only very broadly stated: "[t]he judgment and sentence in this cause is contrary to the law and the evidence." A complaint must be specific enough to apprise the trial court of the error and afford it the opportunity to correct the error. TEX. R. APP. P. 33.1(a).