NO. 07-04-0377-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 1, 2004



______________________________




ROBERT E. BARRIENTEZ, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 251st DISTRICT COURT OF POTTER COUNTY;



NO. 46,858-C; HONORABLE PATRICK PIRTLE, JUDGE



_______________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

ORDER ON ABATEMENT AND REMAND


 Robert E. Barrientez appeals a conviction of the offense of failure to register as a
sex offender. The clerk's record, which was due no later than August 23, 2004, has not
been received. On August 23, this court was notified by the district clerk that appellant had
not paid or made arrangements to pay for the record. By letter, appellant's retained
counsel was directed to certify to the clerk of this court on or before September 13, 2004,
in writing, whether Rule 34.5(a)(10) and Rule 35.3(a)(2) of the Texas Rules of Appellate
Procedure have been complied with; if so, the date of compliance, and if not, a reasonable
explanation for non-compliance. 

 Appellant filed a Motion to Extend Time to File Appellant's Brief, in which it is
indicated that the clerk's record had been filed. The clerk's record has not been filed as of
this date. On September 16, 2004 this court, by letter, again directed appellant to provide
the certification required on or before September 27, 2004. No response has been
received. We, therefore, abate the appeal and remand the cause to the 251st District Court
of Potter County. The judge of said court is ordered to convene a hearing (after notice to
appellant and other parties in interest) to determine the following matters:


 Whether appellant desires to prosecute this appeal;



 if appellant desires to prosecute this appeal then whether appellant is
indigent;
 whether appellant is entitled to a clerk's record and reporter's record, without
charge to appellant;
 whether appellant is entitled to appointed counsel;
 if appellant has counsel, whether appellant has been denied the effective
assistance of counsel arising from the delay encountered in prosecuting this
appeal; and
 what orders, if any, should be entered to assure the filing of appropriate
notices and documentation to dismiss appellant's appeal if appellant does
not desire to prosecute this appeal, or if appellant desires to prosecute this
appeal, to assure that the clerk's record will be promptly filed and that the
appeal will be diligently pursued. 


 

 If the court determines that appellant is indigent and has been denied the effective
assistance of counsel, we order it to appoint counsel for appellant.

 We next order the court to cause a supplemental clerk's record to be developed.
The supplemental clerk's record shall include 1) a transcription of the hearing convened
to answer the questions itemized above, 2) findings of fact and conclusions of law
answering the questions itemized above, 3) the name, state bar number, and address of
any counsel appointed to represent appellant, and 4) all orders made in accordance with
this opinion. We further order the court to cause the supplemental clerk's record to be filed
with the clerk of this court on or before November 1, 2004. Should additional time be
needed to comply with this order, the district court may request the same on or before
November 1, 2004.


 Per Curiam




Do not publish.



e trial court
abused its discretion. Cardona v. State, 665 S.W.2d 492, 493 (Tex.Cr.App. 1984); Jackson
v. State, 645 S.W.2d 303, 305 (Tex.Cr.App. 1983). In a revocation proceeding, the State
must prove by a preponderance of the evidence that appellant violated a condition of
community supervision as alleged in the motion to revoke. Cobb v. State, 851 S.W.2d 871,
874 (Tex.Cr.App. 1993). If the State fails to meet its burden of proof, the trial court abuses
its discretion in revoking community supervision. Cardona, 665 S.W.2d at 494. In
determining the sufficiency of the evidence to sustain a revocation, we view the evidence in
the light most favorable to the trial court's ruling. Jones v. State, 589 S.W.2d 419, 421
(Tex.Cr.App. 1979). Although one sufficient ground for revocation supports the trial court's
order, Moore v. State, 605 S.W.2d 924, 926 (Tex.Cr.App. 1980), a plea of true standing alone
is sufficient to support the trial court's revocation order. Moses v. State, 590 S.W.2d 469,
470 (Tex.Cr.App. 1979). 

 By the Anders brief, counsel argues the evidence was legally and factually insufficient
for the trial court to find appellant violated the terms and conditions of his community
supervision. Although this is argued as a legal and factual sufficiency point, we are guided
by the abuse of discretion standard mentioned above. Appellant signed a written stipulation
of evidence which acknowledged that the acts and allegations in the application to revoke
probation were true and entered a plea of true to the allegations contained in the State's
motion to revoke. Also, the trial court found that appellant's plea of true was freely,
voluntarily, knowingly, and intelligently made. In addition, appellant's community supervision
officer testified he failed to report several times and evidence was also presented that
appellant was delinquent in payment of his fees and behind in his hours of community service,
and appellant testified to these matters as well. Based on the record before this Court, we
find the trial court acted within its discretion in revoking appellant's community supervision. 


 We have also made an independent examination of the entire record to determine
whether there are any other arguable grounds which might support this appeal. See Penson
v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). We have found no
nonfrivolous issues and agree with counsel that the appeal is without merit and is, therefore,
frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d
577, 578 (Tex.Cr.App. 1972). 

 Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the
trial court is affirmed. 

 

 Don H. Reavis


 Justice


 

Do not publish. 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.
2. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).