NO. 07-04-0430-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 14, 2005

_____

TERRY KEITH HAMMOND, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 331ST DISTRICT COURT OF WHEELER COUNTY;

NO. 4010; HONORABLE JOHN T. FORBIS, JUDGE

_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellant Terry Keith Hammond challenges a theft conviction for which he was placed on community supervision for five years and a judgment revoking community supervision. Presenting five points of error, he maintains (1) the theft conviction cannot be upheld where ownership of the property was disputed; (2) the motion to quash the

indictment should have been granted; (3) the court erroneously allowed amendment of the indictment; (4) his motion for instructed verdict should have been granted; and (5) community supervision was illegally revoked because there was no proof he violated a term of community supervision. We have no jurisdiction to consider points one through four and affirm the judgment revoking appellant's community supervision.

On June 4, 2004, appellant was convicted of theft and placed on community supervision. No motion for new trial or notice of appeal was filed challenging the conviction. Three weeks later, on June 25, the State filed a motion to revoke community supervision alleging appellant had violated the following condition:

> [d]efendant shall cease and desist any remarks made verbally or in writing against the District Judge, the District Attorney's Office or employees, the Shamrock Economic Development Corporation, it's [sic] board members and /or employees and any Attorney involved in any civil actions involving Shamrock Economic Development Corporation.

At the hearing on the State's motion, appellant plead not true to the violation and following presentation of evidence, on July 12, 2004, the trial court found appellant had violated the condition and revoked community supervision. Appellant filed a *pro se* notice of appeal on August 4, 2004, expressing an intent to "file his motion for new trial, and fully appeal from all phases of his conviction, overturn of his Motion for Probation, denial of his Writ of Habeas Corpus, denial of his Motions to Quash and from all other orders . . . ."

2

A defendant must file a written notice of appeal with the trial court clerk within 30 days after the date sentence is imposed. Tex. R. App. P. 25.2(c) & 26.2(a)(1). The Rules of Appellate Procedure provide for a 15-day extension in which to file the notice of appeal if it is accompanied by a motion for extension of time in compliance with Rule 10.5(b)(2). *See* Tex. R. App. P. 26.3.

Appellant's sentence for the theft conviction was imposed on June 4, 2004. The deadline for perfecting an appeal was Monday, July 5, or 15 days thereafter if accompanied by a motion for extension of time.[1] Appellant's notice filed on August 4, 2004, does not invoke our jurisdiction to consider points of error one through four which are directed at the original theft conviction. *See* Slaton v. State, 981 S.W.2d 208, 210 (Tex.Cr.App. 1998). *See also* Manuel v. State, 994 S.W.2d 658, 660 (Tex.Cr.App. 1999). However, the notice is timely for consideration of point five, by which appellant challenges the revocation of July 23, 2004.

## Background

Shamrock Economic Development Corporation (EDC) guaranteed a note for Shamrock Broadcasting to purchase KRMN radio station from James Turvaville. As a result of the note, the EDC had a lien on the building and the radio station's equipment.

---

[1]The time in which to file the notice of appeal expired on Sunday, July 4, 2004. Under rule 4.1(a) of the Texas Rules of Appellate Procedure, the deadline was extended to Monday, July 5.

David Rushing served as director of the EDC. Without the EDC's approval, appellant was brought in by Shamrock Broadcasting to manage the radio station. The working arrangement was for appellant to manage the station and the EDC to handle accounts payable and receivable. Appellant was the only person with a key to the post office box where bills and checks were mailed. An escrow account was opened to deposit revenues from advertisers.

Sometime in 2002, Rushing discovered that records reflected some businesses had not paid for advertising. After contacting the businesses, they provided copies of checks to Rushing reflecting appellant's wife had cashed some and others had been deposited in appellant's personal account. Some checks had the payee line altered to show payment to MonsterFM.com., an entity maintained by appellant.

Appellant was evicted from the building housing the radio station. Suit was filed against Shamrock Broadcasting to foreclose on the note and a civil suit was also filed against appellant. Both suits were pending at the time of the underlying trial.

Having previously concluded that appellant's first four contentions are not before us, we address point of error five, by which appellant challenges the judgment revoking his community supervision. Appellant's entire argument on this point consists of one sentence without citation to any legal authority or references to the record.[2] In his reply brief, the only

[2]Appellant argues, [f]inally the probation revocation occured [sic] without any evidence except David Rushing, a protagonist, proported [sic] to have been manipulating

4

support for point five, without citation to legal authority, is a statement that the State's evidence "consisted of ramblings by Barney and the opinions and suppositions by Rushing . . . ." Although Rule 38.1(h) of the Texas Rules of Appellate Procedure requires that argument be supported by citations to authorities and record references, in the interest of justice we will review the evidence presented at the revocation hearing.

When reviewing a judgment revoking community supervision, the sole question is whether the trial court abused its discretion. Cardona v. State, 665 S.W.2d 492, 493 (Tex.Cr.App. 1984); Jackson v. State, 645 S.W.2d 303, 305 (Tex.Cr.App. 1983). In a revocation proceeding the State must prove by a preponderance of the evidence that the probationer violated a condition of community supervision as alleged in the motion to revoke. Cobb v. State, 851 S.W.2d 871, 874 (Tex.Cr.App. 1993). If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking community supervision. *Cardona*, 665 S.W.2d at 494. In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. Jones v. State, 589 S.W.2d 419, 421 (Tex.Cr.App. 1979).

The State alleged that appellant violated paragraph 19 of the conditions of community supervision. Paragraph 19 provides:

---

an Internet computer contraption which he alleged showed uncomplimentary remarks against himself and allegedly Judge Forbis and it was not shown that appellant put anything on the message board and appellant denied having done so."

5

[d]efendant shall cease and desist any remarks made verbally or in writing against the District Judge, the District Attorney's Office or employees, the Shamrock Economic Development Corporation, it's [sic] board members and /or employees and any Attorney involved in any civil actions involving Shamrock Economic Development Corporation.

Following imposition of community supervision, the State presented evidence that on June 21 and June 22 several postings referencing community personalities in violation of paragraph 19 appeared on the message board of appellant's website. According to the evidence, the domain name of MonsterFM.com was purchased by appellant, and he was the registered owner. Appellant, as administrator or webmaster, controlled the content of the message board.

In his defense, appellant testified he transferred control of the message board on May 29, in anticipation of the conditions of community supervision. He also testified that approximately a dozen persons throughout the country had the password to gain access to the message board and denied posting the questionable information. However, based on the preponderance of the evidence standard, the trial court found the postings originated from an administrator in Shamrock and not distant points in the country. He further found that the content of the messages posted was "peculiarly within the knowledge of" appellant. Viewing the evidence in the light most favorable the trial court's ruling, we conclude the trial court did not abuse its discretion in revoking appellant's community supervision. Appellant's fifth point of error is overruled.

Having concluded we have no jurisdiction over the original theft conviction and judgment of June 4, 2004, we affirm the judgment of July 23, 2004, revoking Terry Keith Hammond's community supervision.

Don H. Reavis
Justice

Do not publish.