In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-08-00233-CR


____________________



JAMES WILBERT LOPEZ a/k/a JAMES WILBERT LOPEZ, JR., Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 07-00606





 

MEMORANDUM OPINION


 This is an appeal from the trial court's order revoking Lopez's community
supervision. We affirm.

 Pursuant to a plea bargain agreement, appellant James Wilbert Lopez a/k/a James
Wilbert Lopez, Jr. pled guilty to felony stalking. See Tex. Pen. Code Ann. § 42.072
(Vernon 2003). The trial court found the evidence sufficient to find Lopez guilty, but
deferred further proceedings, placed Lopez on probation for ten years, and assessed a fine
of $1,000. The trial court entered an order that amended the terms of Lopez's community
supervision by requiring that Lopez "[h]ave no contact with the victim(s) of the
offense . . . either by [sic] person, by telephone, via mail, electronic mailing, or third party." 
The State subsequently filed a motion to revoke Lopez's unadjudicated community
supervision, in which the State alleged that Lopez had violated the terms of his community
supervision because he "had contact with the victim(s) of the offense either in person, by
telephone, via mail or through a third party. . . ."

 Lopez pled "not true" to violating the terms of his community supervision, and the
trial court conducted an evidentiary hearing. At the hearing, Lopez's probation officer,
Yvette Broussard, testified that during an office visit with Lopez, "Mr. Lopez did say that he
had his uncle contact the victim at work because he wanted to get a doghouse from her and
that was the reason." Broussard testified that Lopez told her that his uncle contacted the
victim by phone. According to Broussard, Lopez's uncle wanted the doghouse, so Lopez had
his uncle contact the victim to obtain the doghouse. Lopez testified that his uncle "wanted
to ask about the doghouse, and I told him he had to get in touch with [the victim]. . . . I heard
she moved and I told him he can call her and ask about the doghouse and he was calling for
himself. It wasn't nothing [sic] to do with me." According to Lopez, his uncle called the
victim, but did not speak with anyone. On cross-examination, Lopez again stated that he did
not hear his uncle speak with anyone, but that it would not surprise him if his uncle left a
message at the victim's workplace.

 At the conclusion of the evidence, the trial court found that Lopez violated the
conditions of his community supervision, found Lopez guilty of felony stalking, and assessed
punishment at twenty years of confinement. (1) Lopez then filed this appeal, in which his sole
contention is that the evidence that he violated the terms of his community supervision was
legally insufficient.

 "A probation revocation proceeding is neither a criminal nor a civil trial, but rather
an administrative hearing." Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993) (en
banc) (citation omitted). At a revocation hearing, the State has the burden to prove by a
preponderance of the evidence that the defendant violated the terms of his community
supervision. Id. The State meets its burden when the greater weight of the credible evidence
creates a reasonable belief that the defendant violated a condition of his community
supervision. Rickels v. State, 202 S.W.3d 759, 763-64 (Tex. Crim. App. 2006). "It is the
trial court's duty to judge the credibility of the witnesses and to determine whether the
allegations in the motion to revoke are true or not." Garrett v. State, 619 S.W.2d 172, 174
(Tex. Crim. App. [Panel Op.] 1981). We review a trial court's order revoking community
supervision for an abuse of discretion, and we view the evidence in the light most favorable
to the trial court's ruling. Rickels, 202 S.W.3d at 763; Jones v. State, 589 S.W.2d 419, 421
(Tex. Crim. App. [Panel Op.] 1979).

 During the revocation hearing, both Lopez's probation officer and Lopez testified that
Lopez instructed his uncle to contact the victim concerning a doghouse. Viewing the
evidence in the light most favorable to the trial court's ruling, we conclude that the trial court 
could have found by a preponderance of the evidence that Lopez violated the terms of his
community supervision by contacting the victim through a third party. See Rickels, 202
S.W.3d at 763; Jones, 589 S.W.2d at 421. Therefore, the trial court did not abuse its
discretion by determining that the evidence was legally sufficient to support revoking
Lopez's community supervision. We overrule Lopez's sole issue.

 We note that the trial court's judgment incorrectly reflects that the statute under which
Lopez was charged was section 42.07 of the Penal Code rather than section 42.072, which
is the felony stalking statute. See Tex. Pen. Code Ann. §§ 42.07, 42.072 (Vernon 2003). 
This Court has the authority to reform the trial court's judgment to correct a clerical error. 
See Tex. R. App. P. 43.2(b); Bigley v. State, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993);
Asberry v. State, 813 S.W.2d 526, 531 (Tex. App.--Dallas 1991, pet. ref'd). Therefore, we
modify the trial court's judgment to read that Lopez was charged under section 42.072 of the
Penal Code. See Tex. Pen. Code Ann. § 42.072. Having overruled Lopez's sole issue, we
affirm the trial court's judgment as reformed.

 AFFIRMED AS REFORMED.


 

 

 STEVE McKEITHEN

 Chief Justice


Submitted on January 30, 2009

Opinion Delivered February 11, 2009

Do Not Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.
1. Lopez was charged as a habitual felony offender.