NO. 07-08-0492-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

OCTOBER 20, 2009

_____

GILBERT JOE SEGURA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 100TH DISTRICT COURT OF COLLINGSWORTH COUNTY;

NO. 2583; HONORABLE DAN MIKE BIRD, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Following a plea of guilty to assault on a public servant in 2005, Appellant, Gilbert

Joe Segura, was granted deferred adjudication for three years, assessed a $1,500 fine,

and placed on community supervision. In 2008, the State filed a motion to adjudicate

alleging numerous violations of the conditions of community supervision. Appellant entered a plea of not true to all allegations except that he pled true to consuming alcohol. After hearing evidence, the trial court adjudicated Appellant guilty of the original offense and assessed his punishment at ten years confinement.[1] Presenting five points of error, Appellant maintains the trial court erred in (1) hearing the case without the presence of a key witness who was subpoenaed by the State but who did not appear because he was seeking medical treatment in New Mexico, (2) allowing R.T. Mills to testify regarding hearsay testimony of the alleged victim, James O'Neal Mills, (3) finding that he violated the condition of community supervision that he commit no offense, (4) finding that he violated the condition of community supervision that he report in person or in writing, and (5) failing to grant his motion for new trial when it was presented that new evidence had been received which would contradict hearsay testimony presented by the State. We affirm.

Generally, Appellant contends that he was harmed by the trial court's alleged errors in two ways: (1) by the trial court's decision to adjudicate, and (2) by the trial court's assessment of punishment. We will address each contention separately.

---

[1]Effective June 15, 2007, the Legislature amended article 42.12, § 5(b) of the Texas Code of Criminal Procedure to permit an appeal from the trial court's determination to adjudicate guilt in the same manner as a revocation hearing. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2008).

## Background

Condition 9 of Appellant's community supervision required him to "abstain from the consumption of alcohol in any form and at any time." Appellant testified that one Monday after work, he and some co-workers wanted to "party a little bit and celebrate." They bought liquor and beer and he admitted to drinking a "little liquor because [he] can't handle liquor." He also admitted to consuming beer. According to Appellant, James Mills, who was very intoxicated, wanted to go get drugs. They did not have any money and tried to trade jewelry for drugs, but were unsuccessful. Appellant testified that James asked him to make another "run" and he refused. James began walking down the road with a fifth of Jose Cuervo and Appellant did not see him again that night. James later accused Appellant of robbing him with a knife, an allegation which he denied.

James's brother, R.T. Mills, testified over objection that James told him he was robbed with a knife by two co-workers, a "guy named Stephen and a guy named Gilbert." Mills testified that James was crying, upset, and an "emotional wreck." The trial court allowed the testimony as an excited utterance, despite Mills's testimony that he was able to calm James down before going to the sheriff's department.

Deputy Billy Joe Selfridge testified that he was on duty when James came in to report being robbed. He testified that James did not show physical signs of injury, but was jerking, shaking, breathing hard, and scared. An ambulance was called, and he was taken to the hospital.

3

While on community supervision, Appellant was supervised primarily by Lupe Chavez. Appellant testified that he and Chavez had a good relationship. Chavez was unavailable at the hearing on the State's motion to adjudicate due to undergoing treatment for an illness in New Mexico. However, Leonard Tex Selvidge, an officer who had supervised Appellant briefly, testified from Appellant's records.

Selvidge testified that he was the person who initially reviewed the conditions and terms when Appellant was first placed on community supervision. Each condition was read and Appellant did not indicate a lack of understanding. According to the records, Appellant did not report to the Community Supervision Department in November and December 2007, nor in January, February, March, April, and May 2008. Selvidge also testified from Appellant's records about other violations of the conditions of community supervision.

After presentation of all evidence, the trial court found as true three of the State's allegations in its motion to adjudicate. Specifically, the court found sufficient evidence that Appellant, while in the course of committing theft, intentionally or knowingly threatened or placed James Mills in fear of imminent bodily injury or death while using or exhibiting a knife. The court also found that Appellant failed to report as required for the months of November and December 2007 and January through May 2008. Finally, the trial court found that Appellant consumed alcohol while on community supervision. The court revoked Appellant's community supervision and granted the State's motion to adjudicate.

During the punishment phase, the State recommended the maximum sentence of ten years while Appellant asked for leniency. Considering the underlying offense of assault on a public servant and the new offense of assault with a deadly weapon, the trial court sentenced Appellant to ten years confinement but found that a fine would be meaningless.

**Decision to Adjudicate**

Standard of Review

When reviewing an order revoking community supervision imposed under an order of deferred adjudication, the sole question before this Court is whether the trial court abused its discretion. *Rickels v. State,* 202 S.W.3d 759, 763 (Tex.Crim.App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984); *Jackson v. State*, 645 S.W.2d 303, 305 (Tex.Crim.App. 1983). In a revocation proceeding, the State must prove by a preponderance of the evidence that the probationer violated a condition of community supervision as alleged in the motion to revoke. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex.Crim.App. 1993). If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking community supervision. *Cardona*, 665 S.W.2d at 494. In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. *Jones v. State*, 589 S.W.2d 419, 421 (Tex.Crim.App. 1979). Additionally, a plea of true standing alone is sufficient to support a trial court's revocation order. *Moses v. State*, 590 S.W.2d 469, 470 (Tex.Crim.App. 1979).

Discussion

Mindful of the five points of error raised by Appellant, his plea of true to consumption of alcohol is alone sufficient to support the trial court's adjudication of guilt. Additionally, Appellant's own testimony confirmed that he consumed alcohol while on community supervision. Consequently, the trial court did not err in its decision to adjudicate Appellant guilty as charged.

**Assessment of Punishment**

The crux of Appellant's argument is that his punishment would have been different had the trial court not erred in its decisions to proceed without the testimony of his primary supervision officer, Lupe Chavez, and to admit the testimony of R. T. Mills concerning the alleged hearsay statements of his brother, James Mills. Assuming, *arguendo,* that the trial court erred in either decision, "the decision of what punishment to assess after adjudicating the defendant guilty is a purely normative process, not intrinsically factbound, and is left to the unfettered discretion of the trial judge." *Smith v. State,* 286 S.W.3d 333, 344 (Tex.Crim.App. 2009). It is also the general rule that a sentence imposed within the range of punishment established by the Legislature will not be disturbed on appeal. *Jackson v. State,* 680 S.W.2d 809 (Tex.Crim.App. 1984). Because the punishment assessed did not exceed the range of punishment provided by law, Appellant occasioned no reversible harm.

6

Accordingly, we overrule Appellant's issues and affirm the trial court's judgment.


Patrick A. Pirtle
Justice

Do not publish.