

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00317-CR
No. 07-12-00318-CR
No. 07-12-00319-CR

STORMY MOORE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court Nos. 2009-425,641, 2009-425,642, 2010-427,182;
Honorable Jim Bob Darnell, Presiding

August 23, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

On May 6, 2011, following open pleas of guilty, Appellant, Stormy Moore, was convicted of burglary of a habitation[1] and sentenced to ten years confinement suspended in favor of ten years community supervision in cause numbers 2009-425,641 and 2010-427,182. On August 1, 2011, following an open plea of guilty,

---

[1] TEX. PENAL CODE ANN. § 30.02(a)(3) (WEST 2011). As alleged in the indictments, an offense under this statute was punishable as a second degree felony. *Id.* at § 30.02(c)(2).

Appellant was granted deferred adjudication for burglary of a habitation while committing or attempting to commit the felony offense of robbery[2] and placed on community supervision for ten years in trial court cause number 2009-425,642. In addition to the standard conditions of community supervision, the trial court ordered, in all three cases, that Appellant be placed on intensive supervision until he completed treatment at the Lubbock County Court Residential Treatment Center (CRTC). Less than a year later, the State filed motions to revoke community supervision and a motion to proceed with adjudication of guilt alleging as the sole violation that Appellant failed to:

> [p]articipate in all programs, obey all rules and regulations of the Lubbock County Court Residential Treatment Center, and follow and complete all recommendations regarding treatment and length of stay as set forth by the staff of the Facility until successful completion of the treatment program or recommendation for unsuccessful discharge is given to the Director.

The trial court held a consolidated hearing on the State's three motions where Appellant entered a plea of not true to each motion. Based on the evidence, Appellant's community supervision was revoked and the original sentence of ten years confinement was imposed in cause numbers 2009-425,641 and 2010-427,182. In cause number 2009-425,642, the trial court adjudicated Appellant guilty and sentenced him to twenty-five years confinement. The sentences were ordered to run concurrently.

By his first issue, Appellant contends the trial court abused its discretion by proceeding to adjudication and revoking his community supervision by refusing to accept recommendations of a probation officer and the director of the probation

---

[2]TEX. PENAL CODE ANN. § 30.02(a)(3) (WEST 2011). As alleged in the indictment, an offense under this statute was punishable as a first degree felony. *Id.* at § 30.02(d).

2

department to place him in a different program to address his behavioral issues. Appellant raises a second issue arguing potential ineffective assistance of counsel but candidly acknowledges the difficulty in evaluating such a claim on direct appeal and withholds pursuing that issue at this time. We affirm.

## BACKGROUND

Appellant developed a chemical dependency problem when he was in his mid-teens which lead to poor judgment and criminal activity. Although not a minor in the eyes of the law when his legal problems began, he was a teenager at the time of the underlying proceedings. The trial court granted Appellant community supervision and in addition to the standard conditions thereof, ordered that he complete treatment at CRTC to address his behavioral problems. The proceedings before this Court are the result of Appellant's unsuccessful discharge from the facility.

## TESTIMONY

At the hearing on the State's motions, Marcie Payton, a CRTC probation officer, testified that Appellant was not amenable to treatment and went over a list of infractions of the rules and regulations committed by him which resulted in a total of eighteen incident reports in the span of eight months. Those infractions included trading or borrowing property with other residents, failing to attend mandatory classes on several occasions, lying to staff whether he made certain appointments, taking Xanax not prescribed to him, failing to timely complete an assignment for anger management

class, cell phone use and various other violations.[3] The violations resulted in sanctions, loss of furloughs, jail therapy and also caused setbacks in the time in which to complete the program.

During cross-examination, Payton confirmed that Appellant did have some positive results while at CRTC and his attitude was improving. Several months before his unsuccessful discharge, he was scheduled for a "max gain" discharge which means a successful completion of the program. Unfortunately, Appellant had six additional infractions after that period which demonstrated his behavior had not really changed.

The probation supervisor at CRTC testified that Appellant would not be able to return to the facility with an unsuccessful discharge. He opined that Appellant's behavioral issues might not be suited to an aftercare program but he could benefit from an intermediate sanction facility and a more structured environment. He referenced a program known as Freedom Court with more structure than an aftercare program but more suitable for someone who had received a max gain discharge, which Appellant did not receive.

Appellant's caseworker testified that she was concerned about his behavioral issues. She did believe that an intermediate sanction facility or Freedom Court would be an appropriate alternative for Appellant. However, she acknowledged Appellant's fate was left to the discretion of the trial judge.

After the State rested, the Director of Lubbock County Community Supervisions and Corrections Department and Appellant's father testified. The director questioned

---

[3]Appellant's conduct was more about behavioral issues and not substance abuse or criminal matters.

whether a motion to revoke was the appropriate action for Appellant's behavioral issues given that most of the infractions were not of a criminal nature. His opinion was that Appellant could benefit from an alternative to revocation and close monitoring. Appellant's father testified he could provide a home and employment for his son.

## STANDARD OF REVIEW

Whether reviewing the trial court's decision to revoke community supervision or an adjudication of guilt, we apply the same standard of review. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (WEST SUPP. 2012). The sole question before this Court is whether the trial court abused its discretion. *Rickels v. State,* 202 S.W.3d 759, 763 (Tex.Crim.App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984); *Jackson v. State*, 645 S.W.2d 303, 305 (Tex.Crim.App. 1983). The State must prove by a preponderance of the evidence that the probationer violated a condition of community supervision as alleged in the motion. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex.Crim.App. 1993). If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking community supervision. *Cardona*, 665 S.W.2d at 494. In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. *Jones v. State*, 589 S.W.2d 419, 421 (Tex.Crim.App. 1979).

## ANALYSIS

Appellant maintains the trial court abused its discretion in revoking community supervision in two cases and adjudicating him guilty in the third case by refusing to accept recommendations from a probation officer and the director of the probation

5

department to place him in an alternative program to address his behavioral issues. We disagree.

One of the key conditions of community supervision in all three of Appellant's cases was that he participate in all programs and obey all rules and regulations of the CRTC program. The evidence clearly demonstrates that Appellant repeatedly disobeyed the rules and regulations at CRTC which led to an unsuccessful discharge from the program. The trial court's decision to revoke community supervision in cause numbers 2009-425,641 and 2010-427,182, and adjudicate him guilty of burglary of a habitation in cause number 2009-425,642, is supported by the evidence. Appellant's sole issue before this Court is overruled.

### REFORMATION OF JUDGMENT

In reviewing the records to evaluate Appellant's issue, it came to this Court's attention that the trial court's judgments revoking Appellant's community supervision in cause numbers 2009-425,641 and 2010-427,182 include a clerical error. The summary portion of both judgments under the heading Plea to Motion to Revoke reflects that Appellant entered pleas of "TRUE" to the allegation in the motions to revoke when the reporter's record reveals he entered pleas of "not true" to the allegation.

This Court has the power to modify the judgment of the court below to make the record speak the truth when we have the necessary information to do so. TEX. R. APP. P. 43.2(b). *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex.Crim.App. 1993). Appellate courts have the power to reform whatever the trial court could have corrected by a judgment *nunc pro tunc* where the evidence necessary to correct the judgment appears

6

in the record.  *Ashberry v. State*, 813 S.W.2d 526, 529 (Tex.App.--Dallas 1991, pet. ref'd).  The power to reform a judgment is "not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court."  *Id.* at 529-30.

The reporter's record establishes that Appellant, through his counsel, pleaded not true to the sole allegation in each motion to revoke.  Thus, we reform the *Judgment Revoking Community Supervision After Hearing* in cause numbers 2009-425,641 and 2010-427,182 to reflect "NOT TRUE" under Plea to Motion to Revoke.

As reformed, the trial court's judgments in cause numbers 2009-425,641 and 2010-427,182 are affirmed.  The trial court's judgment in cause number 2009-425,642 is also affirmed.

Patrick A. Pirtle
Justice

Do not publish.