

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-13-00332-CR

_____

PHILLIP LEO TORRES, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 100th District Court
Hall County, Texas
Trial Court No. 3616; Honorable Stuart Messer, Presiding

December 15, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

In 2012, in exchange for a guilty plea, Appellant, Phillip Leo Torres, Jr., was granted deferred adjudication community supervision for eight years and assessed a $1,000 fine for aggravated assault,[1] with an affirmative finding on use of a deadly weapon. Several months later, the State alleged that Appellant committed a new offense in violation of the conditions of community supervision and moved to proceed

---

[1] TEX. PENAL CODE ANN. 22.02(a)(2) (West 2011). As charged the offense is a second degree felony. *Id.* at (b).

with an adjudication of guilt.  At a hearing on the State's motion, Appellant pleaded "not true" to the allegations and the trial court heard testimony.  After the State rested, Appellant did not present any evidence.  The trial court ruled Appellant had violated the conditions of community supervision, adjudicated him guilty of aggravated assault with a deadly weapon, sentenced him to twenty years confinement and assessed a $1,000 fine.  This appeal followed.[2]  Presenting two issues, Appellant asserts (1) the evidence is insufficient to establish he violated the conditions of his community supervision and (2) the trial court abused its discretion in finding he violated a condition of community supervision not alleged in the State's motion to adjudicate guilt.  We affirm.

## BACKGROUND

The first condition of Appellant's community supervision provided that he commit no new offenses, but if charged or arrested, he was required to notify his community supervision officer within forty-eight hours.  By its motion to adjudicate guilt, the State alleged Appellant committed simple assault by intentionally, knowingly or recklessly causing bodily injury to Lorenzo Leo Torres, his son, by kicking him in the face with his foot and also alleged criminal mischief in the amount of $500 or more but less than $1,500, a Class A misdemeanor, by damaging Phillip Torres III's vehicle with a baseball bat.[3]

At the time of the incident giving rise to the State's motion to adjudicate, Appellant and Lorenzo were living together.  His older son Phillip was living with his

---

[2] The trial court entered its *Judgment Adjudicating Guilt* on December 5, 2012.  Although notice of appeal was not timely filed, the Texas Court of Criminal Appeals ordered that Appellant be permitted to pursue an out-of-time appeal.  *See Ex parte Torres*, WR-79,218-01, 2013 Tex. Crim. App. Unpub. LEXIS 809 (Tex. Crim. App. July 24, 2013).  Notice of appeal was filed on July 11, 2013.

[3] The State did not allege that Appellant failed to report the charges within forty-eight hours.

girlfriend. In the early morning hours of August 26, 2012, the two sons and girlfriend had been at a party and all three had become intoxicated. After the party, Phillip and his girlfriend dropped Lorenzo off at Appellant's home, drove away and returned approximately fifteen minutes later.

Upon returning, they witnessed Appellant and Lorenzo arguing. According to Phillip's and his girlfriend's written statements to law enforcement, they witnessed Appellant physically assault Lorenzo by kicking and hitting him. Phillip testified he pinned Appellant down to protect his younger brother. The three returned to the vehicle to flee as Appellant was smashing the front and rear windshields with a baseball bat. Phillip's girlfriend called 911.

An officer was dispatched to a domestic disturbance call where he observed a cut on Phillip's arm and blood on the vehicle's passenger door. He testified Lorenzo had glass shrapnel in one of his eyes from the broken windshield and was reluctantly treated on the scene by emergency medical personnel.

During the adjudication hearing, Phillip and his girlfriend denied witnessing the assault on Lorenzo and testified their written statements were inaccurate. Lorenzo did not testify. Phillip admitted he did not want Appellant to be incarcerated and his testimony did not support the element that criminal mischief of his vehicle was without his consent.[4] At the conclusion of the hearing, the trial court found Appellant committed the offense of assault against Lorenzo. The trial court did not find as true that Appellant committed the Class B misdemeanor of criminal mischief based on Phillip's testimony

---

[4] Phillip's testimony that replacing the windshields cost him $450 was insufficient to support a Class A misdemeanor ($500 to $1,500) but did support the lesser included offense, a Class B misdemeanor. TEX. PENAL CODE ANN. § 28.03(b)(2), (3)(A) West 2011).

that Appellant had permission to do whatever he wanted to the vehicle. The trial court adjudicated Appellant guilty of the original offense of aggravated assault and after hearing punishment evidence, sentenced him to twenty years confinement with an affirmative finding on use of a deadly weapon. This appeal ensued.

ISSUE ONE

Appellant maintains the evidence is insufficient to establish he violated the conditions of his community supervision. We disagree.

STANDARD OF REVIEW

An appeal from a trial court's order adjudicating guilt is reviewed in the same manner as a revocation hearing. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (West Supp. 2014). When reviewing an order revoking community supervision imposed under an order of deferred adjudication, the sole question before this Court is whether the trial court abused its discretion. *Rickels v. State,* 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Jackson v. State*, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983). This appellate standard is less rigorous than "beyond a reasonable doubt." *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013).

In a revocation proceeding, the State must prove by a preponderance of the evidence that the probationer violated a condition of community supervision as alleged in the motion. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking community supervision. *Cardona*, 665 S.W.2d at 494. In determining the sufficiency of

4

the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. *Jones v. State*, 589 S.W.2d 419, 421 (Tex. Crim. App. 1979). It is the trial court's duty to judge the credibility of the witnesses and to determine whether the allegations in the motion to revoke are true. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981). Proof of one violation of the terms of community supervision is sufficient to support revocation. *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. 1980).

ANALYSIS

During the hearing, over defense counsel's objections, both Phillip and his girlfriend read from their respective written statements generated shortly after the incident in which they both claimed to have witnessed Appellant assault Lorenzo. They both claimed, however, that their statements were inaccurate. Their contradictory testimony notwithstanding, the trial court was free to judge their credibility.

The responding officer's testimony that he observed injuries suffered by Lorenzo which required medical treatment and blood on the vehicle door support the State's allegation of an assault by Appellant against his son. We conclude the trial court did not abuse its discretion in revoking Appellant's community supervision based on the assault committed against Lorenzo. Issue one is overruled.

ISSUE TWO

By his second issue, Appellant contends the trial court abused its discretion in finding he violated a condition of community supervision not alleged in the State's motion to adjudicate guilt. We disagree.

5

The State alleged that Appellant caused bodily injury to Lorenzo by kicking him in the face. In announcing its ruling that Appellant assaulted Lorenzo as alleged in the motion to adjudicate, the trial court relied on the witnesses' statements. The trial court further found that Lorenzo was assaulted in a manner not alleged in the State's motion, i.e., "bodily injury that occurred by using the baseball bat to hit the windshield, causing glass to shatter into . . . Lorenzo."

Proof of one violation of the conditions of community supervision is all that is required to support a revocation order. *Sanchez*, 603 S.W.2d at 871. Because the State established by a preponderance of the evidence that Appellant assaulted Lorenzo by kicking and hitting him, it is unnecessary to review the assault committed by Appellant against Lorenzo that caused injury to Lorenzo's eye. Issue two is pretermitted.

CONCLUSION

Accordingly, the trial court's judgment is affirmed.


Patrick A. Pirtle
Justice


Do not publish.

6