

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-15-00270-CR
_____

DWAYNE MCGOWAN, APPELLANT

V.

STATE OF TEXAS, APPELLEE

On Appeal from the 52nd District Court
Coryell County, Texas
Trial Court No. FSA-08-19322; Honorable Trent D. Farrell, Presiding

November 9, 2016

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

This is an appeal from the revocation of an order suspending the imposition of sentence based solely on the failure to pay certain financial obligations imposed as a condition of community supervision. By three issues, Appellant, Dwayne McGowan, contends (1) the evidence is legally insufficient to support to trial court's determination that he violated any condition of community supervision, (2) the judgment erroneously reflects a plea of "true" when he entered a plea of "not true," and (3) the judgment

erroneously omits or misstates the "original punishment." We modify the judgment and affirm as modified.

BACKGROUND

On July 8, 2008, pursuant to a plea bargain, Appellant entered a plea of guilty to the offense of injury to a disabled individual[1] and was placed on deferred adjudication community supervision for a term of five years. At the same time, Appellant was ordered to pay the following: $1,500 fine, $50 Crime Stoppers fee, $245 court costs, and $800 court-appointed attorney's fees.

On September 4, 2009, following a plea of "true" to six alleged violations of the conditions of community supervision, the order of deferred adjudication was revoked and Appellant was adjudicated guilty. At that time, the trial court entered judgment assessing a sentence of ten years confinement, a fine of $1,345, and court-appointed attorney's fees of $1,100. Within the timeframe for the exercise of the trial court's continuing jurisdiction to grant "shock probation,"[2] on February 3, 2010, the trial court suspended further imposition of sentence in favor of five years of community supervision. At the same time, the trial court ordered Appellant to pay the balance of the fine assessed in the amount of $1,322.64, and attorney's fees of $1,300.

In September 2013, the State filed a motion to revoke Appellant's community supervision, alleging five violations of the conditions thereof. That motion was resolved by the entry of an agreed order modifying conditions of community supervision. Among

---

[1] TEX. PENAL CODE ANN. § 22.04(a)(3) (West Supp. 2016). As applicable to this case, an indictment alleging an offense under this provision is a third degree felony when the conduct engaged in is committed intentionally or knowingly.

[2] See TEX. CODE CRIM. PROC. ANN. art. 42.12, § 6 (West Supp. 2016).

the conditions modified was a condition that Appellant pay an additional amount of attorney's fees in the sum of $400.

On February 23, 2015, the State filed the motion to revoke at issue in this case, seeking to terminate Appellant's community supervision by alleging he failed to pay certain court-ordered monetary obligations, as follows: (1) failure to pay fees for "medical and/or chemical tests," $25, (2) "fine, court costs, and attorney fees," $2,622.64, (3) "restitution," $18, (4) accrued "supervision fees," $785, (5) "Crime Stoppers fee," $15, and (6) "attorney's fees," $400. No other violations were alleged. On May 15, 2015, a hearing was held on the State's motion.

Following a plea of "not true," Appellant's counsel stipulated that the allegations contained in the motion to revoke were true and that Appellant was entering a plea of not true based solely on the defense of indigence and inability to pay. The State then offered the testimony of the director of the Coryell County Adult Probation Office as its sole witness. As to the issue of ability to pay, that testimony consisted of little more than a statement that Appellant had been employed in the past, was capable of making $360 per month, and was unaware of any circumstance that would prevent him from gaining current employment. After the State rested its case, Appellant testified that he was currently unemployed and could not find new employment because of his felony convictions. He stated that when employed he made "like 625 after taxes every two weeks" and that some of that money was withheld for child support.[3] Appellant was delinquent on his child support and owed back taxes to the IRS. He further testified that

---

[3] A *Presentence Investigation Report* lists his child support obligation as being $270 every two weeks.

he had been evicted from his home for nonpayment of rent, was unmarried and living alone, and had no bank accounts, no money, and no assets he could sell to pay his court-ordered monetary obligations. Appellant argued that his inability to pay was a defense while the State maintained the trial court was authorized to revoke his community supervision, notwithstanding his inability to pay, so long as it considered the statutory factors listed in article 42.037(h) of the Texas Code of Criminal Procedure.

In announcing its ruling, the trial judge noted that, in some instances, the State did have the burden of proving by a preponderance of the evidence that the accused was "able to pay"; however, in this case it "did not do so." The judge then stated that "the applicable statutes treat revocation of community supervision based on failure to pay restitution different than from revocation based on failure to pay court costs fees" and that "[r]evocation of community supervision based on failure to pay restitution is governed by 42.037(h)." Having considered the factors listed in article 42.037(h) and having considered other alternatives to incarceration, the trial judge then revoked Appellant's community supervision. In the interest of justice, the trial judge then reformed Appellant's sentence to four years confinement in the Institutional Division of the Texas Department of Criminal Justice. This appeal followed.[4]

STANDARD OF REVIEW

When reviewing an order revoking community supervision, the sole question before this court is whether the trial court abused its discretion. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013) (citing *Rickels v. State*, 202 S.W.3d 759, 763

---

[4] Originally appealed to the Tenth Court of Appeals, this appeal was transferred to this court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. §73.001 (West 2013). We are unaware of any conflict between precedent of the Tenth Court of Appeals and that of this court on any relevant issue. TEX. R. APP. P. 41.3.

4

(Tex. Crim. App. 2006)); *Lindsey v. State*, No. 10-15-00007-CR, 2016 Tex. App. LEXIS 8299, at *3 (Tex. App.—Waco Aug. 3, 2016, no pet.) (mem. op., not designated for publication). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated a condition of community supervision as alleged in the motion to revoke. *Cobb v. State,* 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). In a revocation context, "a preponderance of the evidence" means "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his [community supervision]." *Hacker*, 389 S.W.3d at 865 (citing *Rickels*, 202 S.W.3d at 764). The trial court abuses its discretion in revoking community supervision if, as to every ground alleged, the State fails to meet its burden of proof. *Cardona v. State*, 665 S.W.2d 492, 494 (Tex. Crim. App. 1984). In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. *Jones v. State*, 589 S.W.2d 419, 421 (Tex. Crim. App. 1979). One sufficient ground for revocation supports the trial court's order revoking community supervision. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009) (citing *Jones v. State*, 571 S.W.2d 191, 193-94 (Tex. Crim. App. 1978)).

ISSUE ONE

Article 42.12, section 21(c) of the Texas Code of Criminal Procedure provides the following:

> In a community supervision revocation hearing at which it is alleged only that the defendant violated the conditions of community supervision by failing to pay community supervision fees or court costs or by failing to pay the costs of legal services . . . the state must prove by a preponderance of the evidence that the defendant was able to pay and did not pay as ordered by the judge.

5

TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(c) (West Supp. 2016). Appellant contends that because the trial court found the State failed to prove he had the ability to pay *any* of the monetary obligations ordered by the court, it erred in finding that the section 21(c) "ability to pay" defense was not an issue with respect to his failure to pay *restitution.* Specifically, Appellant argues that the statutory factors listed in article 42.037(h) of the Texas Code of Criminal Procedure, pertaining to the revocation of community supervision for non-payment of restitution, includes an ability-to-pay component, and the trial court erred in finding otherwise.[5]

Although Appellant's arguments are persuasive, we need not reach that issue because a trial court's order revoking community supervision is sustainable if the State has proven at least one ground for revocation. In that regard, we find the State did establish Appellant's non-payment of fines. In *Gipson v. State*, the Texas Court of Criminal Appeals held that section 21(c) does not apply to the non-payment of fines. *Gipson v. State*, 428 S.W.3d 107, 109 (Tex. Crim. App. 2014). The Court reasoned that because fines are imposed as punishment and are not remedial in any sense, they are not affected by the defendant's inability to pay. Because Appellant did not pay his fine as ordered by the court, the trial court did not err in revoking his community supervision. Issue one is overruled.

---

[5] *See* TEX. CODE CRIM. PROC. ANN. art. 42.037(h) (West Supp. 2016) (stating that, "[i]n determining whether to revoke community supervision . . . [for failure to comply with a court order for the payment of restitution], the court . . . shall consider: (1) the defendant's employment status; (2) the defendant's current and future earning ability; (3) the defendant's current and future financial resources; (4) the willfulness of the defendant's failure to pay; (5) any other special circumstances that may affect the defendant's ability to pay; and (6) the victim's financial resources or ability to pay expenses incurred by the victim as a result of the offense").

ISSUE TWO AND THREE

By his second issue, Appellant contends the judgment erroneously reflects a plea of "true" to the allegations in the motion to revoke when, in fact, he entered a plea of "not true." By his third issue, Appellant contends the judgment erroneously states the original punishment assessed as "10 YEARS INSTITUTIONAL DIVISION, TDCJ FINE $1322.64" when, in fact, the trial court was revoking the February 3, 2010 judgment assessing a sentence of ten years and a fine of $1,322.64, suspended in favor of five years of community supervision. This court has the power to modify the judgment of the court below to make the record speak the truth when we have the necessary information to do so. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993). Here, the record clearly reflects that Appellant entered a plea of "not true" and the original suspended sentence being revoked was "10 years TDCJ-Institutional Division and a Fine of $1,322.64, suspended for 5 years." Issues two and three are sustained.

CONCLUSION

The judgment of the trial court is modified to reflect the "Plea to Motion to Revoke" as "Not True" and the "Original Punishment Assessed" as "10 years TDCJ-Institutional Division and a Fine of $1,322.64, suspended for 5 years." As modified, the judgment of the trial court is affirmed.


Patrick A. Pirtle
Justice


Do not publish.

7