

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-17-00122-CR

_____

BRIAN DAVID BENSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 46th District Court
Wilbarger County, Texas
Trial Court No. 12,059; Honorable Dan Mike Bird, Presiding

December 14, 2017

## MEMORANDUM OPINION

Before CAMPBELL and PIRTLE and PARKER, JJ.

Appellant, Brian David Benson, appeals his conviction for the offense of unlawful possession of a firearm by a felon.[1] Following a revocation of his community supervision, Appellant was sentenced to ten years imprisonment and assessed a fine of $2,000. By

---

[1] TEX. PENAL CODE ANN. § 46.04(a) (West 2011).

a single issue, Appellant contends his Due Process rights under the Texas and United States Constitutions were violated when the trial court revoked his community supervision for failing to report to his supervision officer because the State failed to provide adequate notice of his specific duty to report. Finding Appellant's constitutional rights were not violated, we affirm.

BACKGROUND

In May of 2016, Appellant pleaded guilty in two causes: (1) Cause No. 12,052, theft of property in an amount of more than $2,500, but less than $30,000, a state jail felony; and (2) Cause No. 12,059, possession of firearm by a felon, a third degree felony. In the theft case, the trial court assessed Appellant's sentence at confinement in the State Jail Division of the Texas Department of Criminal Justice for a term of six months. In the felon in possession of a firearm case (the case the subject of this appeal), the trial court assessed his sentence at ten years confinement in the Institutional Division of the Texas Department of Criminal Justice, suspended for a term of ten years, plus a fine of $2,000. As a condition of his community supervision, Appellant was required to complete a term of commitment in a Substance Abuse Felony Punishment (SAFP) facility. The trial court ordered that the two sentences run concurrently.

On November 7, 2016, after Appellant had completed his six-month state jail sentence, he was released from the Wilbarger County Jail. Following his release, Appellant did not report to the SAFP program or his community supervision officer. On January 12, 2017, after making several attempts to locate Appellant, the State filed its *Motion to Revoke Probation* alleging that he had violated the conditions of his community

supervision in two ways: (1) by failing to report as directed for the months of October, November, and December 2016, and (2) by failing to pay his fine, court costs, and supervision fee. During the revocation hearing, the State abandoned the failure to pay allegation and the failure to report allegation for the month of October.

After receiving evidence, the trial court found Appellant violated the conditions of his community supervision by failing to report as directed for the months of November and December 2016, revoked his community supervision, and sentenced him as noted. Appellant contends he was confused by the "unique and confusing set of circumstances" surrounding his case. That is, he contends his reporting requirement was uncertain due to the fact that he was concurrently serving a six-month period of confinement, a ten-year term of community supervision, and a requirement that he also serve time in a SAFP facility. He contends that as a result of these obligations he was uncertain as to the exact date he was required to report.

STANDARD OF REVIEW

When reviewing an order revoking community supervision, the sole question before this court is whether the trial court abused its discretion. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013) (citing *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006)). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated a condition of community supervision as alleged in the motion to revoke. *Cobb v. State,* 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). In a revocation context, "a preponderance of the evidence" means "that greater weight of the credible evidence which would create a reasonable belief that

3

the defendant has violated a condition of his [community supervision]." *Hacker*, 389 S.W.3d at 865 (citing *Rickels*, 202 S.W.3d at 764). The trial court abuses its discretion in revoking community supervision if, as to every ground alleged, the State fails to meet its burden of proof. *Cardona v. State*, 665 S.W.2d 492, 494 (Tex. Crim. App. 1984). In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. *Jones v. State*, 589 S.W.2d 419, 421 (Tex. Crim. App. 1979). A finding of one revocation ground is sufficient to revoke community supervision. *See Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009) (stating "[w]e have long held that one sufficient ground for revocation would support the trial court's order revoking community supervision" (internal quotation marks omitted)).

ANALYSIS

On May 12, 2016, when he was sentenced and originally granted community supervision in this case, Appellant signed an acknowledgement of receipt of a true and complete copy of the trial court's *Order Imposing Conditions of Community Supervision.* Condition number five specifically required Appellant to "[r]eport to the Probation Officer as directed, but, in any event, not less frequently than once each calendar month."

During the revocation hearing, the trial court heard testimony from Appellant's supervision officer, Johnny Clay Conley. Conley testified that he met with Appellant after he was placed on community supervision and explained to him the terms and conditions of his supervision. Because he was released from his state jail sentence in November, Appellant was required to report to his supervision officer that month and any subsequent month he was not otherwise detained by the condition that he report to a SAFP facility.

4

Conley testified that he attempted to contact Appellant by calling the phone number he provided to the community supervision office and by sending a letter to his address on file. The phone call was unsuccessful and the letter was returned. Conley also informed Appellant's mother on January 3, 2017, that he needed to report.

Under these circumstances, the evidence was sufficient to establish that Appellant had adequate notice of his duty to report and that he failed to report as required. As such, we cannot say the trial court abused its discretion in revoking Appellant's community supervision. Issue one is overruled.

CONCLUSION

We affirm the judgment of the trial court.

Patrick A. Pirtle<br>
Justice

Do not publish.