

# NUMBER 13-18-00415-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **CHRISTIAN OMAR STOWE,** | **Appellant,** |
| **v.** | |
| **THE STATE OF TEXAS,** | **Appellee.** |

### On appeal from the 24th District Court
### of Victoria County, Texas.

## MEMORANDUM OPINION

**Before Justices Benavides, Hinojosa and Perkes**
**Memorandum Opinion by Justice Hinojosa**

Appellant Christian Omar Stowe appeals his conviction for unlawful possession with the intent to deliver a controlled substance in penalty group 2 in an amount of 400 grams or more.   *See* TEX. HEALTH & SAFETY CODE ANN. § 481.113(e).   After finding that Stowe violated multiple conditions of his community supervision, the trial court revoked his community supervision and sentenced him to ten years' imprisonment.   In one issue,

Stowe argues that the State failed to prove he had an ability to pay past due supervisory fees, one of the multiple violations forming the basis for the trial court's revocation decision. We affirm.

## I. BACKGROUND

Pursuant to a plea bargain, Stowe pleaded guilty to possession with intent to deliver a controlled substance as charged in the indictment. The trial court adjudicated guilt and imposed a ten-year prison sentence, which it probated for five years. The State later filed a motion to revoke his community supervision.[1]

The trial court held a hearing on the motion, during which Stowe pleaded "true" to the following alleged violations: changing his place of residence without his supervision officer's prior approval; leaving his county of residence without prior approval; failing to report to his supervision officer in February and March of 2018; and failing to abide by curfew restrictions. Stowe pleaded "not true" to the following: committing the offenses of possession of marijuana and unlawful possession of a firearm; failing to abstain from the use of intoxicating substances; associating with individuals with a known criminal history; possessing a firearm; failing to pay supervision fees; and failing to timely complete a drug offender treatment program.

The trial court admonished Stowe that his pleas of true were sufficient for the court to find the allegations to be true and revoke Stowe's community supervision. It then asked Stowe if he still wished to plead true, and Stowe responded that he did.

---

[1] This appeal pertains to the second motion to revoke filed by the State. On the State's first motion, the trial court ordered appellant to serve seven days in the Victoria County jail as an additional sanction for violating his probationary terms, but it did not then revoke Stowe's community supervision.

The State presented the testimony of Skyler Barker, an officer with the Corpus Christi Police Department, and Tasha Haley, a community supervision officer. Officer Barker testified that he stopped Stowe's vehicle after observing a traffic violation. Upon making contact with the vehicle's occupants, Officer Barker identified Stowe and three passengers, one of which he knew to have a criminal history and gang affiliation. Officer Barker detected an odor of marijuana emitting from the vehicle. With the assistance of other responding officers, he searched the vehicle and discovered a pistol, ammunition, and marijuana. The marijuana was located in a plastic bag in the vehicle's center console. Stowe claimed ownership of the ammunition and the marijuana, but he told Officer Barker that the gun belonged to one of the passengers.

Officer Haley testified that Stowe failed to timely complete a drug program and failed to report to his supervision officer for two months in violation of his community supervision conditions.

Stowe testified that he paid between $6,000 and $6,500 in fees during the period of his community supervision. He disagreed that he owed $38 in past due supervisory fees as alleged in the State's motion to revoke. Stowe further claimed that he was unaware that a firearm was in his vehicle when he was stopped by Officer Barker. Stowe also clarified that he admitted only to having a "roach" of marijuana but that he was unaware of any other marijuana in the vehicle. On cross-examination, Stowe admitted that he received deferred adjudication community supervision for assaulting his stepfather and that he pleaded guilty to assaulting his sister during his period of community supervision in the present case.

The trial court found the alleged community supervision violations to be true, revoked Stowe's community supervision, and sentenced him to ten years' imprisonment. This appeal followed.

## II. DISCUSSION

### A. Standard of Review

We review a trial court's order revoking community supervision for an abuse of discretion. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013) (citing *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006)). The trial court has discretion to revoke community supervision when the State proves by a preponderance of the evidence that the defendant violated at least one condition of his community supervision. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). "[A] preponderance of the evidence" means "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his [community supervision]." *Hacker*, 389 S.W.3d at 865 (citing *Rickels*, 202 S.W.3d at 764). In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. *Jones v. State*, 589 S.W.2d 419, 421 (Tex. Crim. App. 1979). The trial court abuses its discretion in revoking community supervision if, as to every ground alleged, the State fails to meet its burden of proof. *Cardona v. State*, 665 S.W.2d 492, 494 (Tex. Crim. App. 1984).

### B. Analysis

Stowe challenges the sufficiency of the evidence supporting the trial court's finding that he violated his community supervision conditions by failing to pay his monthly

4

supervision fees. Specifically, Stowe maintains that the State presented no evidence that he had the ability to pay the alleged $38 deficit.

Stowe relies on the "ability-to-pay statute,"[2] which provides in relevant part as follows:

> In a revocation hearing at which it is alleged *only* that the defendant violated the conditions of community supervision by failing to pay community supervision fees or court costs . . . the state must prove by a preponderance of the evidence that the defendant was able to pay and did not pay as ordered by the judge.

TEX. CODE CRIM. PROC. ANN. art. 42A.751(i) (emphasis added). By its plain language, the ability-to-pay statute applies only when a defendant's failure to pay fees or costs is the sole basis for revocation. *See Gipson v. State*, 428 S.W.3d 107, 113 (Tex. Crim. App. 2014) (Johnson, J., concurring); *see also Barrera v. State*, No. 07-18-00098-CR, 2018 WL 4345313, at *2 (Tex. App.—Amarillo Sept. 11, 2018, no pet.) (mem. op., not designated for publication); *Farr v. State*, No. 13-17-00297-CR, 2018 WL 4017118, at *4 (Tex. App.—Corpus Christi–Edinburg Aug. 23, 2018, no pet.) (mem. op., not designated for publication). As noted above, the trial court found that Stowe committed multiple violations, many of which did not pertain to the payment of fees. Therefore, article 42A.751(i) is inapplicable, and the trial court did not abuse its discretion on this basis. *See Gipson*, 428 S.W.3d at 113

---

[2] We note that Stowe does not present any constitutional argument regarding his ability to pay the supervisory fees. *See Bearden v. Georgia*, 461 U.S. 660, 672 (1983) (discussing due process concerns when a defendant's probation is revoked for failing to pay fees despite having an inability to do so). Therefore, we do not address the issue. *See Martinez v. State*, 563 S.W.3d 503, 513 (Tex. App.—Corpus Christi–Edinburg 2018, no pet.) (declining to address constitutional issues when appeal relied solely on ability-to-pay statute); *see also* TEX. R. APP. P. 47.1.

5

We also note that only one sufficient ground for revocation is necessary to support a trial court's decision to revoke community supervision. *See Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). This includes Stowe's plea of true to four violations, which standing alone are sufficient to support revocation. *See Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979); *see also Gonzales v. State*, No. 13-16-00300-CR, 2017 WL 711650, at *2 (Tex. App.—Corpus Christi–Edinburg Feb. 23, 2017, no pet.) (mem. op., not designated for publication). Because Stowe failed to challenge each of the trial court's findings, he has not demonstrated that the trial court abused its discretion in revoking his community supervision. *See Smith*, 286 S.W.3d at 342.

We overrule Stowe's sole issue.

### III. CONCLUSION

We affirm the trial court's judgment.

LETICIA HINOJOSA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
27th day of June, 2019.

6